### THE STATE OF VERMONT *v.* FERRIS COMINGS.

#### *Sale of intoxicating liquors.*

The respondent, a citizen of New Hampshire, having his only place of business in that state, there contracted to sell to a resident in this state a part of a cask of brandy, which was then in this state *in transitu* from New York to New Hampshire. The purchaser, by permission of the respondent, obtained the cask from the railroad depot in this state, where it then was, and took it to his residence, where he was to take from it what he wanted and carry the cask with what remained to the respondent's store in New Hampshire, where the quantity taken was to be ascertained by a measurement of that which remained, and be there paid for. *Held*, that this constituted an offense against the act of 1852 to prevent the traffic in intoxicating liquors.

INDICTMENT for a violation of the statute of 1852, entitled "an act to prevent traffic in intoxicating liquors for the purpose of drinking." Plea, not guilty; tried at the May Term, 1855,— UNDERWOOD, J., presiding.

Evidence was introduced on the part of the prosecution tending to prove that the respondent, in September, 1854, sold a cask of brandy to one John P. Williams, at White River Junction. The respondent gave evidence tending to prove that he was a citizen of the state of New Hampshire, doing business as a merchant at West Lebanon in that state, having there his only place of business; that the cask of brandy in question had been forwarded to him from New York, by railroad; and was, at the time in question,

at the freight depot of the Vermont Central railroad, at White River Junction; that all freight received by him, from New York, was necessarily directed to him at White River Junction, for the reason that the Vermont Central Railroad Company had no station at West Lebanon; and that he was accustomed to receive it from the Junction by the cars of the Northern Railroad Company running across Connecticut river; that, at the time in question, the said John P. Williams came to the respondent's store in West Lebanon, and there purchased the brandy, which he was charged with having sold; that it was then and there agreed between them that Williams should take the cask of brandy from the depot at White River Junction to his house, which was in this state, and take from the cask so much of the brandy as he might wish, and return the cask, with the residue of the brandy, to the respondent's store in West Lebanon, where the quantity taken should be determined by measuring the quantity left in the cask, and that said Williams should then pay to the respondent, at his said store in West Lebanon, the money for the brandy so by him taken and used; that the respondent thereupon sent his clerk to the freight depot at White River Junction, with Williams, to direct the station agent of the Vermont Central Railroad Company to deliver the cask to said Williams, and that said Williams took the cask of brandy from the depot to his house, and there took and used a quantity of the brandy therefrom.

The respondent requested the court to instruct the jury that, if they believed the testimony on the part of the respondent, he was not guilty of the crime alleged; but the court declined so to charge, and instructed the jury that, although the contract was made, and payment was to be made, in the state of New Hampshire, as the respondent's testimony tended to prove, yet that the respondent's testimony also tended to prove that the brandy was delivered by Comings to Williams, within this state, and that, if the brandy was thus delivered in Vermont, it would be a violation of our statute, for which the respondent was liable. To this charge and the refusal to charge as requested, the respondent excepted.

*P. T. Washburn* for the respondent.

The testimony on the part of the respondent showed a *sale* of

brandy by him to Williams; and the question is, whether it was a *sale at a place within this state.* If it was not, the respondent was entitled to the charge requested.

The *contract* of sale was completed in New Hampshire, and, by its terms, payment was to be made there *at a future day.* The title and right to the possession of the property thereby vested immediately in Williams, without further act; *Evarts* v. *Butler,* Brayt. 216; *Towsley* v. *Dana,* 1 Aik. 344; Long on Sales 261; *Hutchins* v. *Gilchrist,* 23 Vt. 86; *Crawshaw* v. *Homfray,* 4 B. & Ald. 50. And this is not affected by the provision that the amount sold should be ascertained at a future day, for the reason that the parties contemplated, as part of the agreement, that the contract should be complete immediately; *Riddle* v. *Varnum,* 20 Pick. 280 It was, therefore, a sale in New Hampshire, but not in Vermont.

But, if the court were correct, in deciding that the brandy was *delivered* in Vermont, that does not make it a *sale* in Vermont. The contract was made in New Hampshire, and payment was to be made there. It was, then, a contract completed in New Hampshire, and governed, in all respects, by the law of that state.

The brandy was not on deposit in Vermont, for sale, but was in transit to the respondent's place of business, in New Hampshire; and the contract should be treated the same as though it had reached its place of destination; for contracts in respect to movables are to be construed according to the law of the place where they are made; 1 Pars. on Cont. 83.

In *Territt* v. *Bartlett,* 21 Vt. 184, and *Smith* v. *Allen,* 23 Vt. 298, the contract of sale was made in Vermont, and the delivery was in New York; and it was held that "*the contract was complete in this state.*" And this is in accordance with the rule, as stated in 1 Pars. on Cont. 97.

In this case, the contract was in New Hampshire, and the delivery in this state; and, applying the same principle, for the *benefit* of the vendor, which was held applicable *against* him in *Territt* v. *Bartlett* and *Smith* v. *Allen,* "*the contract of sale was complete*" in New Hampshire; and, the respondent, a citizen of New Hampshire, cannot be indicted here.

*James Barrett, state's attorney,* for the prosecution.

The opinion of the court was delivered by

REDFIELD, CH. J.   The conviction, in this case, being of a resident in another state, where there was no apparent intention of transacting business within this state, in violation of the statute, one would rather desire to excuse the act, if it can be done, consistently with the rules of law applicable to the subject.

But, it seems to us, the respondent must be regarded as accessory to the furnishing of this liquor to the vendee in this state.   The guilt or innocence of the respondent cannnot be determined by his intention.   If he do an act which is prohibited by the law, he is liable to conviction, notwithstanding he might have verily believed he was keeping altogether within the requirements of the law. There can be no doubt whatever, that one, who is a dealer in spirits, might give such article to a sick person under circumstances which morally, aside of the statute, were as innocent as possible, or even as commendable as the office of the good Samaritan, and still it be an offence under the statute.   It is impossible to except such cases and not give opportunity for evasions which might altogether destroy the beneficial operation of the statute.

In the present case, the spirit, certainly, was delivered in this state, through the instrumentality of others, but by the respondent's procurement.   He is then liable to the same extent he would have been if he had himself made the delivery in this state, all accessories being principals, in misdemeanor.   If we regard the *contract* of sale as virtually made in New Hampshire, as we must, perhaps, the delivery was as certainly in this state.   For, until the separation of what Williams took, he could not be said to be the owner of any portion of the mass, inasmuch as he was to take what he chose, and, if he did not take any, there was no sale of any.   It is not like some of the cases referred to, where the vendee agrees for a specific quantity, not separated from the mass, and pays the price, and agrees to the immediate vesting of the title, before the measurement.   For here, no quantity was agreed upon, or any price paid, or anything else done, to indicate the purpose of the parties to have the title pass until the separation.

It was, then, clearly putting the spirits in the power of Williams, in this state.   The sale was really consummated in this state, and

so, for all the purposes of the prohibition, might very well be treated as made here.

If they had a similar law in New Hampshire, it could scarcely be claimed that what was done there, constituted the offence there. And one sale could scarcely be so evenly divided, one would think, as to constitue no offence in either state. It is the delivery which seems the more essential act in the offence. The sale, without the delivery, would be no offence, *i. e.*, no sufficient ground of conviction. It would be so far illegal as to render the contract void, as was held in *Territt* v. *Bartlett*, 21 Vt. 184. But that does not show always enough to convict of the offence, as was said at the bar, in regard to aiding in smuggling brandy in ankers; *Briggs* v, *Lawrence*, 3 T. R. 454; see also *Holman* v. *Johnson*, Cowper 341. The delivery, without a sale, is an offence; so that whether this is called a sale or not, in this state, the offence is complete. It clearly is, if not a sale here, a furnishing of spirits by one who is a dealer, and who does it for gain and emolument. We think, therefore, the conviction was proper.

Exceptions overruled, and respondent to pay fine of $10, and costs.