ELIJAH A. QUINTARD & others *vs.* JEREMIAH A. BACON.

The seller of goods by an oral agreement for the price of more than fifty dollars shipped them from Philadelphia consigned to the buyer at Boston, where he left the bill of lading at the office of the buyer, who then and for more than a week afterwards was sick and absent in the country. A week after the bill of lading was thus left, the buyer's clerk wrote to him that it was in the office, which was his first notice of the fact. Prior to the day when he received the clerk's letter he had given the seller notice that he would not receive the goods, which notice he repeated on that day; and he answered the clerk without delay, directing him to return the bill of lading; and the clerk did so immediately, but after the goods had arrived at Boston. In the absence of any evidence that the clerk was authorized to receive and accept the bill of lading, *Held,* that there was no acceptance of the goods sufficient to take the case out of the statute of frauds.

CONTRACT for the price of two hundred and fifty tons of coal at seven dollars per ton, sold by the plaintiffs to the defendant, and shipped by them from Philadelphia, consigned to him at Boston.

In the superior court these facts were agreed: The defendant gave an oral order to the plaintiffs for the coal, on February 9, 1866. The bill of lading of it was signed on February 27 at Philadelphia, and left at the defendant's office in Boston at some time during the first three days of March. The defendant was sick at Bedford, fifteen miles from Boston, and absent from his office from March 1 to March 20. On March 6 he, by his agent, gave notice to the plaintiffs that he would not receive the coal, and on March 10 repeated the notice. On March 10 his clerk wrote to him that the bill of lading was in his office, which was the first notice he received of that fact: and on March 11, by the first mail after receiving the clerk's letter, he instructed the clerk to return the bill of lading to the defendants, which the clerk did on the same day, but after the arrival on that day of the coal at Boston. And the defendant never received the coal.

On these facts, *Putnam,* J., ruled that the plaintiffs could not recover, and directed a verdict for the defendant. The plaintiffs alleged exceptions.

*T. Dean,* for the plaintiffs.

Quintard & others *v.* Bacon.

*H. F. Smith & W. W. Swan,* for the defendant, were not called upon.

HOAR, J.   The contract upon which the plaintiffs sue was a contract for the sale of merchandise, for the price of more than fifty dollars.   There was no memorandum of the contract in writing, and it was therefore not a valid contract, unless the defendant accepted and received some part of the merchandise. Gen. Sts. *c.* 105, § 5.   The only acceptance relied upon was a constructive acceptance by the receipt of the bill of lading.   But whatever might be the effect of the receipt of a bill of lading, with the intention and for the purpose of thereby assuming the ownership and control of the property therein described, we are unable to find upon the evidence reported that the defendant ever accepted the bill of lading itself.   It was left with his clerk, when the defendant was sick and absent.   There is no evidence that his clerk was authorized to receive and accept it.   Before the defendant knew that it had been left, he had notified the plaintiff through his agent that he would not receive the cargo. On the day on which he learned from his clerk that the bill of lading had been left at his place of business, he repeated the notice to the plaintiffs, and by the next day's mail directed the bill of lading to be returned to them ; which was immediately done. There is no authority for the proposition that the delivery to the carrier would pass the title in the cargo to the defendant, and the case of *Frostburg Mining Co.* v. *New England Glass Co.* 9 Cush. 115, is a direct decision to the contrary.   There was therefore not even a constructive acceptance.   The defendant never received the bill of lading with an intent to accept it, or assume any ownership or control of the merchandise.

*Exceptions overruled.*