## The People v. Green Freeman.

*Recognizance: Statement of condition.* It is not necessary that the condition of a recognizance, taken by a Justice of the Peace for the appearance at any future day for further examination, of a person charged with an offense, should state that probable cause appears for holding to bail.

*Heard and decided May 12.*

Error to Oakland Circuit.

This was an action of debt brought in the Circuit Court for the County of Oakland, upon a recognizance taken by a Justice of the Peace, for the appearance at a future day for further examination of one John Tompkins, charged with larceny.

On the trial the recognizance was offered in evidence, the condition of which was in the following words:

" The condition of this recognizance is such, that whereas the said John Tompkins has been and now is under arrest by warrant from my office, charged upon the complaint and oath of William Nott, with having, on the 6th day of August, A. D. 1869, at the township of Pontiac, in said county, feloniously stolen, taken and carried away, fifty-six bushels of white winter wheat, of the value of seventy-five dollars. Now, if the said John Tompkins shall personally be and appear before the said Justice, at my office, in the city of Pontiac, on the 11th day of September, A. D. 1869, at 9 o'clock in the forenoon of said day, for such further examination touching said complaint, and shall do and receive that which shall be then and there enjoined upon him by me, the said Justice, and shall not depart without leave, then this recognizance shall become void, otherwise of full force and virtue."

To the admission of which recognizance in evidence, counsel for defendant objected, for the reason: *First*—That it does not appear by said recognizance that the Justice determined that a criminal offense not cognizable by him had been committed. *Second*—That said recognizance does not show that the Court continued the examination from September 1st to September 11th. *Third*—That said recognizance is void on its face. The Circuit Judge sustained the objection and refused to admit the same to be read in evidence: to which the plaintiffs excepted. The jury found a verdict for the defendant, and judgment being entered

on the verdict, the cause comes into this Court by writ of error.

*O. F. Wisner*, for plaintiff in error.

I. The recital in the recognizance that John Tompkins was under arrest, by warrant issued upon a complaint, under oath, and setting forth the offense for which he was complained of, sufficiently shows that the Justice determined that a criminal offense not cognizable by him had been committed.—*Bailey v. State, 35 Mo., 168 ; State v. Williams, 17 Ark., 371; Adams v. Governor of Georgia, 22 Geo., 417 ; Champlain v. The People, 2 Comst., 82 ; Commonwealth v. Gordon, 15 Pick., 193 ; People v. Dennis, 4 Mich., 616 ; Mc-Farlan v. The People, 13 Ill., 9.*

II. The second objection is untenable. It is not necessary that the recognizance should show that the Justice continued the examination. In taking the recognizance, conditioned for the appearance of the accused at some future day, the Justice is presumed to have continued the examination until that day.

III. In considering the third objection, that the recognizance is void upon its face, we think it will be found upon examining the authorities that this objection is entirely without merit. The Justice had the power to take the recognizance.— *Comp. Laws, § 5989.*—The condition was to do an act, for the doing of which a recognizance might properly be taken, and the Justice had authority by law to act in cases of that general description. This is all that is necessary.—*People v. Dennis, 4 Mich., 609 ; Daniels v. The People, 6 Mich., 381; People v. Kane, 4 Denio, 530 ; Champlain v. The People, 2 Comst., 83; Archer v. Com. 10 Grattan, 638; Com. v. Bail of Gordon, 15 Pick., 193; Com. v. Merriam, 7 Allen, 356 ; Adams v. The State, 22 Geo., 417 ; State v. Williams, 17 Ark., 371; Bailey v. State, 35 Mo., 168.*

It sufficiently appears from the tenor of the recognizance in this case at what court the party was bound to

appear; and that the Magistrate before whom it was taken, was authorized to taken such recognizance.—*Comp. Laws,* § *6008.*

*W. B. Jackson,* for defendant in error.

The objections are based upon the proposition, that every recognizance is substantially defective, "unless it sufficiently appear from the tenor thereof, that the officer before whom it was taken, was authorized by law to require and take the same."—*Comp. L. Ch. 194,* § *32.*

It therefore follows that the condition of every instrument of this kind must recite sufficient jurisdictional facts to show that the officer taking the recognizance was authorized by law to require and take the same. The facts necessary to give him jurisdiction must appear affirmatively, and cannot be presumed. —*Wight v. Warner, 1 Doug., 384.* It must affirmatively appear, upon the face of the instrument, that there has been a prior adjudication by the proper magistrate that such an offense has been committed, and that there is probable cause to believe the prisoner guilty thereof.—*Washburn v. The People, 10 Mich., 384.*—Tested by this rule, the recognizance in this case is void upon its face.

Again, it does not affirmatively appear, from the tenor of this instrument, that the Justice adjourned the examination in this cause, from September first to September the eleventh. This fact cannot be presumed. He was therefore not authorized by law to remand the prisoner unless bail be given. And if he was not authorized to remand the prisoner, he was not "authorized by law" to require and take the recognizance in this case. This is clearly "a case where a person is held to bail by the examining magistrate and forced to enter into a recognizance or stand committed." —*Daniels v. People, 6 Mich., 386.*

The rule of construction which we have sought to ap-

ply to the recognizance in this case, is that furnished by *Comp. L. Ch. 194,* § *32.*—This is a transcript of the statute of *Mass. R. S. Mass. c. 135,* § *30,* and should be construed to require the cause of taking the recognizance to be set forth in it, as is required in that state. The condition of the recognizance itself, should recite so much of the cause of taking it, that it may appear that the magistrate had jurisdiction to take it."—*Bridge v. Ford, 4 Mass., 641; Com. v. Downey, 9 Mass., 520; Com. v. Daggett, 16 Mass., 447; Harrington v. Brown, 7 Pick., 232; State v. Smith, 2 Greenl., 62.*

There have been several cases in the state of New York, but in none of them was the recognizance taken before an officer of inferior, special and limited jurisdiction, except the case of *The People v. Koeber, 7 Hill p. 39.*—In this case the Court applied the same rule of construction to the proceedings of an officer of inferior, special · and limited jurisdiction, as that applied by our own Court in the case of *Wight v. Warner, 1 Doug., 384; Clark v. Holmes, 1 Doug., 390; Chandler v. Nash., 5 Mich., 409.*—But we do not deem the New York cases apposite to the one at bar, because the statutes of that state contain no provisions similar to §§ *10 and 32 of Ch. 194 of Comp. Laws.*—The states of Maine, Wisconsin, Virginia and Michigan, give to the magistrate before whom the accused is brought, the power to require and take a recognizance for his appearance for further examination.—*Rev. St's of Maine, ch. 171, § 9; same in Wis. ch. 145,* § *8; Va., code of Va. ch. 204,* § *8; Mich., Comp. L., ch. 194,* § *10.*

There have been several cases in our own Courts, but in none of them was the recognizance taken by an officer of inferior, special and limited jurisdiction.—*The People v. Rutan, 3 Mich. 42; The People v. Dennis, 4 Mich., 609; Daniels v. The People, 6 Mich., 381.*

In each of these cases " the jurisdiction of the Commissioner was invoked by the prisoner himself and not against

him," and it was therefore his voluntary act. In the case at bar, the prisoner was compelled to recognize or stand committed; and his recognizance was therefore a compulsory act.

PER CURIAM.

We think there was no force in the objections to the recognizance. Enough appears on it to show that a case was presented before the Justice in which he had a right to hold a preliminary examination, and which he could adjourn; and as the condition was to appear at the adjourned day, it must be presumed the adjournment was regular. The objection that it does not appear there was probable cause for holding to bail,—if valid under any circumstances, —is inapplicable, for that could only be ascertained when the magistrate had concluded the examination.

Judgment should be reversed and a new trial granted.