Johnson *v.* Cuttle.

Notes and Bills, 175, 285, 323, and authorities cited. *Ward* v. *Allen*, 2 Met. 53. *Furbish* v. *Goodnow*, 98 Mass. 296.

*J. M. Morton, Jr.*, for the defendant, cited *Cuxon* v. *Chadley*, 3 B. & C. 591; *Wharton* v. *Walker*, 4 B. & C. 163; *Fairlie* v. *Denton*, 8 B. & C. 395; *Ford* v. *Adams*, 2 Barb. 349; *Stone* v. *Symmes*, 18 Pick. 467; *Curtis* v. *Brown*, 5 Cush. 488, 492; *Furbish* v. *Goodnow*, 98 Mass. 296; *Walker* v. *Penniman*, 8 Gray, 233.

MORDECAI JOHNSON & another *vs.* JOHN CUTTLE.

Goods sold were delivered to a common carrier, who was designated by the buyer but not expressly authorized by him to accept them; and never came to the actual possession of the buyer, and he never saw or examined them, or exercised any control over them, or received any bill of lading. *Held*, that there was not a sufficient acceptance and delivery to take the sale out of the statute of frauds.

CONTRACT to recover $129, as the price of goods sold and delivered. At the trial in the superior court, before *Pitman*, J., it appeared that, upon an order given by the defendant to the plain-

tiffs, the goods were delivered by the plaintiffs to the proprietors of a line of steamboats as common carriers, and by them brought from New York to Fall River, and landed and lodged in their warehouse at Fall River; that they were delivered by the plain-tiffs to the carriers, and brought to Fall River, in accordance with an express direction by the defendant to the plaintiffs that all goods ordered by the former should be so sent; that, when the defendant had previously ordered goods from the plaintiffs, he had been accustomed to go himself or send his clerk for them to the office of the steamboat proprietors at Fall River; that, about the time of the shipment of these goods, a bill thereof was sent by the plaintiffs to the defendant and duly received by him; that notice of their arrival at Fall River was given by the steamboat proprietors to the defendant, who sent his clerk for them, but the clerk, not finding the agent of the steamboat proprietors present, did not obtain possession of them; that after several days they were missing, and the defendant never had any actual possession of them, or saw or examined them; that he did not notify the plaintiffs of his failure to receive the goods till several weeks afterwards; and that no bill of lading was ever sent by the plain-tiffs to the defendant, nor any notice of their shipment other than might be inferred from the sending of a bill of parcels. There was no evidence that the steamboat proprietors were ever informed of the directions given by the defendant to the plain-tiffs; or that the defendant had given the steamboat proprietors authority to receive and accept on his account goods ordered by him, unless it could be inferred from the facts above stated.

The defendant requested the judge to instruct the jury that, " even if the defendant had directed goods to be sent to him by the steamboat company, still there had been no such receipt and acceptance of the goods as to take the case out of the statute of frauds." But the judge declined so to instruct the jury, and in-structed them " that if the goods were delivered to the steamboat company in accordance with the express direction of the defend-ant that they should be sent by that line, and were received on board the steamboat and brought to Fall River for the defendant, under such instructions, this was a sufficient acceptance and re-

ceipt by the defendant to satisfy the statute." The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*J. M. Morton, Jr.*, for the defendant, besides cases referred to in the opinion, cited *Cusack* v. *Robinson*, 1 Best & Smith, 299 ; *Bushell* v. *Wheeler*, 15 Q. B. 442, note ; *Morton* v. *Tibbett*, Ib. 428 ; *Hanson* v. *Armitage*, 5 B. & Ald. 557 ; *Acebal* v. *Levy*, 10 Bing. 376 ; *Hunt* v. *Hecht*, 8 Exch. 814 ; *Meredith* v. *Meigh*, 2 El. & Bl. 364 ; *Farina* v. *Home*, 16 M. & W. 119 ; *Rodgers* v. *Phillips*, 40 N. Y. 519 ; *Maxwell* v. *Brown*, 39 Maine, 98 ; *Shepherd* v. *Pressey*, 32 N. H. 49 ; *Smith* v. *Surman*, 9 B. & C. 561 ; Browne on St. of Frauds, §§ 327, 329, 330.

*J. C. Blaisdell*, for the plaintiffs.

GRAY, J. This is an action to recover the price of goods sold and delivered by the plaintiffs to the defendant. The price being more than fifty dollars, and there being no memorandum in writing of the contract, and nothing given by the buyer in earnest to bind the bargain, or in part payment of the price, proof that he accepted and received part of the goods is required by the statute of frauds to make the contract valid. Gen. Sts. c. 105, § 5.

Viewing the facts proved at the trial in the light most favorable to the plaintiffs, it is clear that there was no such acceptance and receipt of any part of the goods by the buyer as will satisfy the statute. Mere delivery is not sufficient ; there must be unequivocal proof of an acceptance and receipt by him. Such acceptance and receipt may indeed be through an authorized agent. But a common carrier, (whether selected by the seller or by the buyer,) to whom the goods are intrusted without express instructions to do anything but to carry and deliver them to the buyer, is no more than an agent to carry and deliver the goods, and has no implied authority to do the acts required to constitute an acceptance and receipt on the part of the buyer and to take the case out of the statute of frauds. *Snow* v. *Warner*, 10 Met. 132. *Frostburg Mining Co.* v. *New England Glass Co.* 9 Cush. 115. *Boardman* v. *Spooner*, 13 Allen, 353. *Quintard* v. *Bacon*, 99 Mass. 185. *Norman* v. *Phillips*, 14 M. & W. 277. *Nicholson* v. *Bower*, 1 El. & El. 172.

The steamboat company having no authority to receive and accept the goods so as to bind the buyer, and there being no evidence that the buyer, in person or by any authorized agent, ever had actual possession of the goods, or opportunity to see them or ascertain whether they conformed to his order, or ever exercised any control over them by sale or otherwise, or even received any bill of lading of the goods, the case is within the statute of frauds, and the action cannot be maintained.     *Exceptions sustained.*