## WILLIAM ATHERTON & others *vs.* LUCIAN NEWHALL & another.

Suffolk. March 13. — Sept. 7, 1877. ENDICOTT & SOULE, JJ., absent.

An agreement to take all the leather of a certain thickness forming part of a large pile, from which it was afterwards to be selected by the seller, the receipt of part of the leather by a common carrier, not expressly authorized by the buyer to accept it, and the acceptance by the buyer of that part but with no intention to perform the whole contract, are not a sufficient acceptance to take the sale out of the statute of frauds.

CONTRACT to recover the price of 660 sides of sole leather. At the trial in the Superior Court, before *Gardner,* J., it appeared that the plaintiffs were dealers in leather in Boston, and that the defendants were manufacturers of boots and shoes in Lynn. One of the plaintiffs testified that the defendant Newhall called at their store on Saturday, November 9, 1872, examined some leather, and said he would take "what leather was adapted to his purpose," being leather "light weight" in thickness, out of a certain lot of about 800 sides which were piled up in the store; and that, after Newhall had gone, he assisted in sorting out the leather intended for the defendants, which was then rolled up into 44 rolls, containing 660 sides, weighed, marked with the defendants' names, and placed near the front door of the store, ready for delivery. It was also in evidence that in the afternoon of the same day an expressman, who was in the habit of calling at the plaintiffs' store for goods for Lynn,

called and took six rolls of the leather, containing 90 sides, which was all his wagon could carry, with the goods then on it, but did not deliver them until the Monday following to the defendants, who were regular customers of his; but in this case no order had been given to him by either party. The plaintiffs' store with its contents, including the remaining 570 sides of leather, was burned in the great fire of November 9, 1872. On Monday, November 11, 1872, the defendant Newhall called on the plaintiffs and produced the bill, which he had received from the plaintiffs, for the 660 sides, and requested their bookkeeper to correct the bill so as to correspond with the amount of leather actually received by him, and the bookkeeper thereupon deducted the 570 sides from the bill. On March 20, 1873, he tendered to the plaintiff $394, the amount due for the 90 sides, which they declined to receive.

Upon this evidence, the judge ruled that there was no evidence of any delivery to or acceptance by the defendants of the 570 sides of leather, directed the jury to return a verdict for the price of the 90 sides, and reported the case for the consideration of this court. If the action could be maintained for the whole 660 sides, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict.

*E. Avery & G. M. Hobbs*, for the plaintiffs.

*R. M. Morse, Jr.*, for the defendants.

GRAY, C. J. It is unnecessary to consider whether there was a sufficient delivery to complete the sale, because it is quite clear, upon the authorities, that there was no such acceptance and receipt of part of the goods as would satisfy the statute of frauds. Gen. Sts. c. 105, § 5. Such acceptance must be by the buyer himself, or by some one authorized to accept in his behalf. The acts of the buyer on Saturday did not constitute such an acceptance, because, according to the seller's own testimony, the buyer merely agreed to take all the sides of leather of a certain thickness, which were not then set apart by themselves, but formed part of a large pile from which they were afterwards to be selected by the seller. *Knight* v. *Mann*, 118 Mass. 143. The receipt of part of the leather by the expressman did not constitute such an acceptance, because he was not authorized to accept so as to bind the buyer. *Johnson* v. *Cuttle*, 105 Mass. 447. The

acceptance by the buyer on Monday, of the part brought by the expressman, was not a sufficient acceptance to take the sale of the whole out of the statute, because it appears that it was not with an intention to perform the whole contract and to assert the buyer's ownership under it, but, on the contrary, that he immediately informed the seller's clerk that he would be responsible only for the part received. *Townsend* v. *Hargraves*, 118 Mass. 325, 333. *Remick* v. *Sandford*, 120 Mass. 309.

*Judgment on the verdict.*