| 62 | 587 |
| 158 | 203 |

## KEIWERT ET AL. *v.* MEYER.

CONTRACT MADE IN ANOTHER STATE.—*Sale of Intoxicating Liquor in Violation of a Statute of Such State.—Answer.*—In an action on account, in this State, for intoxicating liquors sold and delivered by the plaintiff, a resident of Wisconsin, to the defendant, a resident of Iowa, pursuant to a verbal order for the liquors, given by the latter to the former, in Iowa, the defendant answered, alleging that such sale was made in violation of a statute of Iowa, prohibiting the sale of intoxicating liquors, a copy of which statute was made part of the answer.

*Held,* on demurrer, that the answer is sufficient.

SAME.—*Reply.—Statute of Frauds of Foreign State.—Delivery to Common Carrier.—Acceptance.*—A reply that such sale was also in violation of the statute of frauds of Iowa, because not in writing, but that the plaintiff had avoided the effect of both of such statutes by delivering the goods

in Wisconsin, for transportation, to a railroad company designated by the parties at the time such contract was made, is insufficient on demurrer.

From the Dearborn Circuit Court.

*O. B. Liddell,* for appellants.

*J. Schwartz,* for appellee.

PERKINS, J.—Suit by the appellants against the appellee, to recover for goods sold and delivered.

The appellee (defendant below) answered in two paragraphs, substantially alike, that the goods sold and delivered were intoxicating liquors ; that they were sold in the town of Connover, in the State of Iowa ; that there was, before and at the time of said sale, a law in Iowa prohibiting the sale of intoxicating liquors in said State, setting forth in his answer a copy of the law and negativing the fact that they were sold for medical, etc., purposes.

A copy of the law, as we have said, was made part of the answer. It forbade the manufacture or sale of any intoxicating liquors under a penalty ; subjected the property to forfeiture, etc., except that they might be sold for mechanical, medicinal, etc., purposes.

The allegations of the answer brought the sale in question within the statute, and rendered the answer good.

Reply :

1st. In general denial.

2d. " And for further reply to the first and second paragraphs of defendant's answer the plaintiffs say that they (plaintiffs) live in Milwaukee, in the State of Wisconsin, and that said Emil Keiwert, one of the plaintiffs, on the —— day of May, 1866, visited the town of Connover, in the State of Iowa, and took a verbal order for a bill of goods from the said defendant, which is the same as that mentioned in plaintiffs' complaint, to be sent to defendant, when said plaintiff returned to Milwaukee ; and plaintiffs say that afterward, on the —— day of ——, 1866, they

(plaintiffs) shipped by railway, from Milwaukee, Wisconsin, to defendant, the goods mentioned in their bill of particulars, pursuant to said order made in Connover, Iowa; and plaintiffs say that defendant received said merchandise at Connover, Iowa, and accepted the same, ratifying said delivery at Milwaukee, Wisconsin. But plaintiffs say, that, at the date of said order or direction given by the defendant to Emil Keiwert in the State of Iowa, there was in force a statute for the prevention of frauds and perjuries, which contains, among other provisions, the following, viz.: (Said law, or so much thereof as is pertinent, is set out in an exhibit marked " A," filed herewith.) And plaintiffs say, that, by virtue of said statutes the said sale in the State of Iowa was an executory contract, void and completed only by delivery to said railway company as common carriers in the State of Wisconsin. And plaintiffs say there was no memorandum or writing, signed by plaintiffs or their authorized agent in the State of Iowa, of said bargain or sale, and no part of the purchase-money paid or part of the property delivered in said State of Iowa at the time of meeting in said State of Iowa by plaintiffs and defendant.

" And for further reply to first and second paragraphs of defendant's answer, plaintiffs say, that, on the 10th day of May, 1876, one of the plaintiffs, Emil Keiwert, in the State of Iowa, took an order from defendant to send him, defendant, from Milwaukee, Wisconsin, by the Milwaukee and Prairie Du Chien Railroad Company, the goods mentioned in plaintiffs' complaint, and that, in pursuance of said order of defendant, plaintiffs delivered said stock of merchandise to said railway company, which delivery was ratified by defendant by acceptance of said goods from said railway company in the State of Wisconsin; and plaintiffs further say, that, at said date, there was in force, in said State of Iowa, to prevent frauds and perjuries, a statute which, among others, contained the following provisions,

viz. : (Said act, or so much thereof as is pertinent, is set out in an exhibit marked 'A,' filed herewith.) And plaintiffs say, at the meeting in said State of Iowa by Emil Keiwert and defendant, there was no memorandum or writing, signed by plaintiffs or their authorized agent, of said contract, and that no part of said property was delivered, and no part of the purchase-money paid, until said delivery of said goods to said railway company in the State of Wisconsin."

" EXHIBIT A.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Sec. 4006. Except when otherwise specially provided, no evidence of any of the contracts enumerated in the next succeeding section is competent unless it be in writing and signed by the party charged or by his lawfully authorized agent.

." Sec. 4007. Such contracts embrace :

." 1. Those in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid." Revision 1860, p. 691.

. A demurrer to the second and third paragraphs of the reply was sustained, and exception entered. The plaintiffs withdrew the first paragraph thereof, and elected to stand upon the rulings upon demurrer, and the defendant had judgment.

The parol contract for the sale of the liquors in question was clearly an Iowa contract. It was a final contract. Both parties to it had power to make it such. Keiwert, one of the plaintiffs, went from Milwaukee to Iowa to solicit the contract. The first proposition will be presumed, in the absence of any thing showing the contrary, to have been made by him, for the sale of the liquors. It was accepted by Meyer, the appellee. The contract was closed in Iowa. *Tegler* v. *Shipman*, 33 Iowa, 194. See *Territt* v. *Bartlett*, 21 Vt. 184 ; *The State* v. *Comings*, 28 Vt. 508.

It might have been different had the verbal proposition or order for the goods been sent from Meyer to, and been accepted by, the vendors in Wisconsin. In *Kling* v. *Fries*, 33 Mich. 275, where the agent of. a firm of wholesale liquor dealers in Ohio solicited and obtained an order for liquors from a retail dealer in Michigan, to be sent by said agent to the wholesale dealers in Ohio for acceptance, and it was by them accepted in Ohio, this was held to be an Ohio contract.

" It was suggested on the argument that, as the agreement was for the purchase of goods to the amount of more than fifty dollars, it was void. under the statute of frauds for want of writing, and consequently did not take effect as an agreement until acted upon by the delivery of the goods to a carrier in Ohio. But if we assume the original invalidity of the agreement in this State on this ground, it can not, we think, help the vendors. If void originally it would not become binding upon the purchaser until he should do something in ratification of it, and it does not appear that any thing further was done by him until the liquors were received in this State. His void order could not make any carrier to whom the vendors should see fit to deliver the goods his agent." COOLEY, C. J., in *Webber* v. *Howe*, 36 Mich. 150. And the acceptance of the goods by the purchaser in Iowa could not, upon the facts in this case, relate back to their shipment in Milwaukee so as to make a Wisconsin contract. In this case, as was the fact in *Webber* v. *Howe*, *supra*, the order was taken by the principal, and the contract was complete, in Iowa.

In the case of *Kling* v. *Fries*, *supra*, the order was taken by an agent of the vendor, subject to the acceptance or rejection of the latter, so that the contract was not consummated till acceptance by the vendor, in Ohio. That acceptance made it an Ohio contract.

It is suggested further, that, as the goods were delivered

in Milwaukee, Wisconsin, to a carrier designated by the purchaser, this was an acceptance of the goods in Wisconsin and an execution of the contract in that State. This might have been so had the contract not been void by the statute of frauds. But the law is, that such delivery does not operate to take a contract, void by the statute of frauds, out of the statute. The void contract or order for the goods does not constitute an acceptance of them by the vendee, thereby validating the contract. Nor does the designation of a carrier in such void contract or order clothe him with power to make such acceptance for the vendee. The vendor, being chargeable in law with knowledge of the invalidity of such contract or order, who delivers the goods to the carrier upon it, takes the risk of their acceptance by the vendee on arrival.

In *Krulder* v. *Ellison,* 47 N. Y. 36, it is said : " Where the contract of purchase and sale is not valid or complete by reason of the statute of frauds, the goods being over the value of £10, and the title, therefore, still vests in the consignor, though the goods have been delivered to the carrier, no acceptance, and all still vesting [resting ?] in parol, the action must be brought by the consignor. *Coombs* v. *The Br. and Ex. R. Co.,* 3 Hurl. & Nor., 510. But all the judges, in delivering opinions, admitted the rule to be, that the consignee must have brought the action had the order been in writing, and the sale valid. The question was whether the property passed to the vendee. If it did, he must sue."

In *Allard* v. *Greasert,* 61 N. Y. 1, it is expressly decided, that a delivery to a specified carrier does not constitute an acceptance by the vendee, and will not take the contract out of the statute. There being no valid contract at the time of the delivery, the carrier, in such case, has no power to bind the vendee by an acceptance of the goods ; though it is held that a vendee may accept before delivery.

*Cross* v. *O'Donnell*, 44 N. Y. 661. As if a subsequent buyer examines and selects particular articles of goods, and afterward send a legal, valid order for those selected articles.

In *Johnson* v. *Cuttle*, 105 Mass. 447, the court uses this language :

" Mere delivery is not sufficient; there must be unequivocal proof of an acceptance and receipt by him " (the buyer). " Such acceptance and receipt may indeed be through an authorized agent. But a common carrier, (whether selected by the seller or by the buyer,) to whom the goods are entrusted without express instructions to do any thing but to carry and deliver them to the buyer, is no more than an agent to carry and deliver the goods, and has no implied authority to do .the acts required to constitute an acceptance and receipt on the part of the buyer and to take the case out of the statute of frauds. *Snow* v. *Warner*, 10 Met. 132 ; *Frostburg Mining Co.* v. *New England Glass Co.*, 9 Cush. 115 ; *Boardman* v. *Spooner*, 13 Allen, 353 ; *Quintard* v. *Bacon,* 99 Mass. 185 ; *Norman* v. *Phillips*, 14 M. & W. 277 ; *Nicholson* v. *Bower*, 1 El. & El. 172." *Caulkins* v. *Hellman*, 47 N. Y. 449. See *Hausman* v. *Nye*, *ante*, p. 485.

An examination of the authorities satisfies us that the decision in the cause below was right, and should be affirmed.

Affirmed, with costs.