Belknap,
Dec. 1, 1903.

## STANDARD WALL PAPER CO. v. TOWNS.

The receipt of merchandise by a common carrier, and its removal at the point of destination by a truckman, do not constitute an acceptance sufficient to satisfy the statute of frauds, in the absence of evidence that such parties were agents of the vendee for the purpose of accepting the goods.

The fact that goods corresponding with the samples by which they were sold, and received by the vendee, were examined by him and returned after an interval of more than two weeks, without objection as to their quality or character, warrants a finding of their acceptance.

Whether there has been a receipt and acceptance of goods sold sufficient to satisfy the statute of frauds, and what inference should be drawn from the length of time merchandise is retained by a vendee prior to its return, are questions of fact.

ASSUMPSIT, for goods bargained and sold. Trial at the March term, 1903, of the superior court before *Stone*, J., who found a verdict for the plaintiffs for $54.55 and reported the following facts:

The plaintiffs are manufacturers at Sandy Hill, New York, and sell their goods by sample through agents. October 10, 1901, their agent sold the defendant from samples a bill of goods which was reduced to writing by the salesman and a copy left with the defendant. No memorandum of the contract was signed by the defendant. Upon receipt of the order from their agent, the plaintiffs wrote the defendant acknowledging the same. November 19, 1901, the plaintiffs shipped the defendant goods amounting to $30.86 in accordance with the order, and a short time after sent a second lot amounting to $23.69. Both lots came to Tilton by rail, were taken from the railroad to the defendant's store by a truckman, and were then examined by the defendant; after which (December 4, 1901), he wrote the plaintiffs complaining that the goods were not equal to sample, and saying: "As soon as I get time I will look them over again, and if they are not all right will return them." Between December 4 and December 20, the defendant examined both shipments of goods, and being dissatisfied with them, reshipped them to the plaintiffs, notifying them by letter as follows: "I have taken time to look your paper over thoroughly and am satisfied I can do better, and so return the whole business." The plaintiffs refused to accept the goods returned and brought this suit. The goods shipped corresponded with the samples by which they were sold.

The defendant's motion for a nonsuit, upon the ground that the

goods were not accepted within the terms of the statute of frauds, was denied, subject to exception.

*Charles C. Rogers*, for the plaintiffs.

*William B. Fellows*, for the defendant.

PARSONS, C. J.　The contract for the sale of goods, the price of which in gross was more than thirty-three dollars, was within the statute of frauds.　*Gilman* v. *Hill*, 36 N. H. 311, 318; *Jenness* v. *Wendell*, 51 N. H. 63, 70.　As there was no note or memorandum in writing signed by the defendant, and nothing paid to bind the bargain, the contract cannot be enforced against the buyer unless it appears that he has accepted and actually received part of the property sold.　P. S., *c.* 215, *s.* 3.　Whether there has been such acceptance and receipt or not, is a question of fact. *Small* v. *Stevens*, 65 N. H. 209; *Pinkham* v. *Mattox*, 53 N. H. 600, 605.　The question presented by the exception, therefore, is whether there was any evidence upon which these facts can be found.　There was an actual receipt of a part of the goods, and the motion for a nonsuit is put solely upon the ground that there was no evidence of acceptance.　Delivery to a common carrier is not evidence of acceptance, in the absence of any evidence that the carrier was the defendant's agent for the purpose of accepting the goods.　*Shepherd* v. *Pressey*, 32 N. H. 49, 55; *Johnson* v. *Cuttle*, 105 Mass. 447; Bro. St. Fr., *s.* 327 *b*; Benj. Sales, *ss.* 160, 181; 23 E. R. C. 228, note.　For the same reason, the removal of the goods from the railroad by the truckman did not furnish evidence of acceptance by the defendant.　*Atherton* v. *Newhall*, 123 Mass. 141.　If, therefore, the finding of acceptance implied in the general verdict for the plaintiff was based upon the fact of the reception of the goods by the railroad or the truckman, it is erroneous and should be reversed.　There was, however, other evidence in the case.　Both shipments of the goods were received by the defendant in his store before December 4, at which time he wrote the plaintiffs complaining of the quality and stating that he will look them over again, and " if they are not all right will return them."　The goods were retained by the defendant a little over two weeks longer, and were then returned by him upon the ground, as he wrote, that he could " do better."　From this evidence it might be inferred that the plaintiff examined the goods with the intention of accepting them if they corresponded with the sample, and that they were accepted by him, as they in fact did so correspond, but were subsequently returned because, in the language of his letter, he found he could " do better."　Whether this infer-

ence should be drawn is a question of fact, as is also the question what inference should be made from the length of time the goods were kept before they were returned. *Small* v. *Stevens, supra;* *Borrowscale* v. *Bosworth,* 99 Mass. 378, 381; *Morton* v. *Tibbett,* 15 Q. B. 428; *Bushell* v. *Wheeler,* 15 Q. B. 442.

*Exception overruled.*

All concurred.