TINKELPAUGH-KIMMEL HARDWARE CO. v. MINNEAPOLIS THRESH-ING MACH. CO.

No. 1823, Okla. T. Opinion Filed April 20, 1908.

(95 Pac. 427.)

**FRAUDS, STATUTE OF—Sales—Necessity of Acceptance.** In an action to recover $220, the contract price of a Sattley Stacker, the petition, which states that the same on parol order of defendant was shipped by rail by plaintiff's principal to a third person at a certain place and there delivered as per order and direction and for and on behalf of defendant, and which had been ordered through and paid for by plaintiff, states a contract void under the statute of frauds (Wilson's Rev. & Ann. St. Okla. 1903, sec. 780) in that it fails to state that the stacker was accepted or received by the purchaser, and a demurrer thereto was properly sustained.

(Syllabus by the Court.)

*Error from District Court, Canadian County; before C. F. Irwin, Judge.*

Action by the Tinkelpaugh-Kimmel Hardware Company against the Minneapolis Threshing Machine Company. Judgment for defendant, and plaintiff brings error. Affirmed.

On December 9, 1904, the Tinkelpaugh-Kimmel Company, plaintiff in error, filed its amended petition in the district court of

·188　　SUPREME COURT OF OKLAHOMA.

Tinkelpaugh-Kimmel Hardware Co. v. Minneapolis Tresh. Mach. Co.

Canadian county against the Minneapolis Threshing Machine Company, defendant in error, which, omitting the caption, is as follows:

"Comes now the said plaintiff, and for cause of action against the said defendant alleges that the said Tinkelpaugh-Kimmel Company is a corporation organized and existing under and by virtue of the laws of Oklahoma Territory. That the defendant, Minneapolis Threshing Machine Company, is a corporation, as plaintiff is informed and believes, organized and existing under and by virtue of the laws of the state of Minnesota. That heretofore, and on the 17th day of June, 1903, the said defendant being engaged in business, and having a place of business in the city of El Reno, its then manager in said place of business desiring to purchase a piece of machinery known as the 'Sattley Stacker,' called up by telephone the said plaintiff company, by its manager, at its place of business in the city of El Reno, and asked the said plaintiff company if it was the local agent for the said Sattley Stacker. That at the said time the said plaintiff was the exclusive agent of said Sattley Stacker in said city of El Reno, and so informed the defendant company. Thereupon the said manager of the said defendant company telephoned the said plaintiff company and asked him how much said plaintiff company would charge the said defendant company for a Sattley Stacker. Said plaintiff company then informed said defendant company that it, plaintiff company, would charge defendant company two hundred and twenty dollars ($220), to which proposition said defendant company, by its manager, over the telephone, then assented, and thereupon instructed said plaintiff company to have said machinery, to wit, the said Sattley Stacker, shipped to Frank Binner, at Edmond, Okla. And thereupon the said plaintiff by telegraph ordered from the Sattley Manufacturing Company, at Springfield, Ill., said Sattley Stacker shipped to Frank Binner, at Edmond, Okla. T., for and on behalf of the said defendant company. The said Sattley Stacker was shipped to the said Frank Binner at Edmond, Okla. T., by rail, and was delivered at said Edmond, Okla. T., as per order and direction of the said defendant, Minneapolis Threshing Machine Company. That the said plaintiff company has paid the said Sattley Manufacturing Company therefor; that the price the said Minneapolis Threshing Machine Company promised to pay the said plaintiff therefor was

two hundred and twenty dollars ($220). That by reason of said bargain, purchase and delivery, of the said Sattley Stacker by the said defendant, the Minneapolis Threshing Machine Company, from the said plaintiff, Tinkelpaugh-Kimmel Company, said defendant became indebted to the said plaintiff in the sum of two hundred twenty dollars ($220). That said defendant has failed, refused, and neglected to pay the said sum, although often demanded, and yet neglects and refuses to pay therefor. Wherefore, etc."

On December 21, 1904, defendant filed a general demurrer thereto, which was by the court sustained, and upon plaintiff electing to stand upon his pleadings and refusing to plead further, judgment was rendered in favor of defendant, from which plaintiff appealed to this court.

*Blake, Blake & Low,* for plaintiff in error.
*W. L. Baxter,* for defendant in error.

Turner, J. (after stating the facts as above). From the face of this pleading it appears that the contract therein set forth and sought to be recovered on was in parol and void under our statute of frauds, which reads as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * * An agreement for the sale of goods, * * * at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels. * * * *" (Wilson's Rev. & Ann. St. § 780.)

It, therefore, only remains for us to determine whether it alleges sufficient matter to void the bar. In support of the contention that it does, plaintiff contends that the allegation, in substance, that the stacker was shipped on defendant's order to Binner at Edmond, Okla., for and on behalf of defendant, and by the carrier delivered at that place as per order and direction of defendant, is sufficient to entitle plaintiff to recover, contending that the delivery of the goods to the carrier was delivered to the purchaser and sufficient to pass the title to him. This may be true

where the contract is valid as not within the statute, but, where it is invalid because of that fact, a very different rule obtains. All the cases agree that in such case delivery of itself is not sufficient to take the case out of the statute. In *Caulkins et al. v. Hellman*, 47 N. Y. 449, 7 Am. Rep. 461, the court said:

"The instructions to the jury as to the legal effect of the delivery of the wine at Blood's Station in conformity with the terms of the verbal contract of sale were clearly erroneous. No act of the vendor alone, in performance of a contract of sale void by the statute of frauds, can give validity to such a contract. Where a valid contract of sale is made in writing, a delivery pursuant to such contract at the place agreed upon for delivery, or a shipment of the goods in conformity with the terms of the contract, will pass the title to the vendee without any receipt or acceptance of the goods by him. But if the contract is oral, and no part of the price is paid by the vendee, there must be not only a delivery of the goods by the vendor, but a receipt and acceptance of them by the vendee to pass the title or make the vendee liable for the price."

In *Simmons Hardware Co. v. Mullen, Sheriff etc.*, 33 Minn. 796, 22 N. W. 295, the court said:

"The authorities are substantially uniform that delivery by the seller to a carrier selected by him, for the purpose of transportation, is not of itself an acceptance to take the case out of the operation of the statute. *Norman v. Phillips*, 14 Mees. & W. 277; *Hanson v. Armitage*, 5 Barn. & Ald. 559; *Maxwell v. Brown*, 39 Me. 98, 63 Am. Dec. 605; *Johnson v. Cuttle*, 105 Mass. 447, 7 Am. Rep. 545; *Grimes v. Van Vechten*, 20 Mich. 413; *Allard v. Greasert*, 61 N. Y. 1; *Keiwert v. Meyer*, 62 Ind. 587, 30 Am. Rep. 206; *Taylor v. Mueller*, 30 Minn. 343, 15 N. W. 413, 44 Am. Rep. 199."

In *Johnson v. Cuttle*, 105 Mass. 447, 7 Am. Rep. 545, the court said:

"Mere delivery is not sufficient; there must be unequivocal proof of an acceptance and receipt by him. Such acceptance and receipt may indeed be through an authorized agent. But a common carrier (whether selected by the seller or by the buyer), to whom the goods are intrusted without express instructions to do anything but to carry and deliver them to the buyer, is no more

than an agent to carry and deliver the goods, and has no implied authority to do the acts required to constitute an acceptance and receipt on the part of the buyer and to take the case out of the statute of frauds. *Snow v. Warner,* 10 Metc. 132, 43 Am. Dec. 417; *Frostbury Mining Co. v. New England Glass Co.,* 9 Cush. 115; *Boardman v. Spooner* 13 Allen, 353, 90 Am. Dec. 196; *Quintard v. Bacon,* 99 Mass. 185; *Norman v. Phillips,* 14 M. & W. 277; *Hicholson v. Bower,* 1 El. & El. 172. The steamboat company having no authority to receive and accept the goods so as to bind the buyer, and there being no evidence that the buyer, in person or by any authorized agent, ever had actual possession of the goods, or opportunity to see them or ascertain whether they conformed to his order, or ever exercised any control over them by sale or otherwise, or even received any bill of lading of the goods, the case is within the statute of frauds, and the action cannot be maintained."

But we do not consider this an open question in this jurisdiction. In *T. M. Grant et al. v. J. H. Milam,* 20 Okla. 672, 95 Pac. 424, the court, speaking through Dunn, J., says:

"The contract being, then, within the statute of frauds, could not have been enforced by the plaintiff or the defendant, nor could any damages or obligations have been predicated upon its breach by either of the parties unless a part of the goods were delivered by the plaintiff and received by the defendant. The question raised in the case at bar was whether or not, conceding the goods to have been sold and delivered by the plaintiff, they were not received by the defendant. For a mere delivery by plaintiff will not suffice to take the case out of the statute; there must be a receipt by the vendee. *Jamison v. Simons,* 68 Cal. 17, 8 Pac. 502; *Stone v. Browning,* 68 N. Y. 598; *Shepherd v. Pressey,* 32 N. H. 49; *Dinnie v. Johnson,* 8 N. D. 153, 77 N. W. 612; *Jones v. Mechanic's Bank of Baltimore,* 29 Md. 287, 96 Am. Dec. 533."

It follows that, as the petition fails to state that the stacker was either received or accepted by the defendant, it was fatally defective, and the action of the trial court in sustaining the demurrer must be affirmed. It is so ordered.

All the Justices concur.