[No. 8516.   Department One. — November 19, 1885.]

Z. G. JAMISON ET AL., RESPONDENTS, v. S. I. SIMON ET AL., APPELLANTS.

SALE — PERSONAL PROPERTY — STATUTE OF FRAUDS — ACCEPTANCE. — An oral contract for the sale of wool, no part of the price being paid, and it appearing from the evidence that the buyer had not accepted any part of the wool, *held*, invalid under section 1739 of the Civil Code.

APPEAL from a judgment of the Superior Court of the county of Merced, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*John C. Burch*, for Appellants.

*R. H. Ward*, and *W. L. Dudley*, for Respondents.

Ross, J. — This action was brought to recover damages alleged to have resulted to the plaintiffs, by reason of the breach by the defendants of a contract for the sale of a certain lot of wool. The contract was oral, and no part of the price was paid. Under such circumstances, the contract is by the statute declared to be invalid unless "the buyer accepts and receives part of the thing sold." (Civ. Code, sec. 1739.) "There must be not only a delivery of the goods by the vendor," said the Court of Appeals of New York (47 N. Y. 452), "but a receipt and acceptance of them by the vendee liable for the price; and this acceptance must be voluntary and unconditional. Even the receipt of the goods, without an acceptance, is not sufficient. Some act or conduct on the part of the vendee, or his authorized agent, manifesting an intention to accept the goods as a performance of the contract, and to appropriate them, is required to supply the place of a written contract." By the terms of the contract in the present case, the wool was to be delivered by the plaintiffs to the defendants at the railroad depot in Merced; but as has been seen, until there was a receipt and acceptance on

LXVIII. CAL.—2

the part of the vendee, the contract was invalid in law. That the wool was not accepted on the part of the defendants because of its alleged dampness, clearly appears from the evidence. Indeed, the objection of defendants' agent to accepting the wool is admitted in a letter put in evidence, from the plaintiff, Jamison, to his co-plaintiff, Stewart, in which Jamison says: "The wool is damp. Mr. Simon wants me to discount twenty-five pounds on the bale. I am not willing to do it. We have agreed to wait eight or ten days after the rain is over, to weigh the wool if the dampness is all out of it." The evidence further shows that at the expiration of the time agreed on Simon still refused to accept the wool, and the plaintiffs then sold it in Merced at the highest price obtainable, and brought this suit to recover the difference between the amount realized by the sale and the amount the wool would have brought at the price fixed in the oral agreement with the defendants. But as there was no acceptance of the property on the part of the defendants, the case comes within the statute of frauds, and the action cannot be maintained.

Judgment and order reversed, and cause remanded.

McKEE, J., and McKINSTRY, J., concurred.