[No. 11260.    Department One. — August 12, 1886.]

## M. J. TERNEY, RESPONDENT, *v.* JOHN S. DOTEN, ET AL., APPELLANTS.

SALE — CONTRACT FOR SALE OF HORSES — STATUTE OF FRAUDS — ACCEPTANCE AND RECEIPT OF PART. — The defendants agreed verbally to sell the plaintiff one hundred unbroken horses, at a specified price each, out of a band of horses belonging to them, then running at large. The contract provided that the defendants were to gather up a number of the horses of the band from time to time, from which the plaintiff was to select a certain number, and commence breaking them, after which the number so selected and broken were to be turned into the defendants' pasture, and another selection made in like manner until the whole

number agreed to be sold should be gathered up, selected, and broken. Thereupon the horses were to be paid for by the plaintiff, and then taken by him from the premises of the defendants. The defendants gathered up a number of the horses, from which the plaintiff selected twenty-two, which he broke, and turned into the pasture of the defendants. Thereafter the defendants refused to further perform their part of the contract. *Held*, that the contract was void under the statute of frauds.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order refusing a new trial.

The action was brought to recover damages for the breach of an alleged contract for the sale of one hundred head of horses. The further facts are stated in the opinion of the court.

*J. D. Goodwin, J. J. May,* and *J. M. McDonald,* for Appellants.

*Ewing & Claflin,* for Respondent.

ROSS, J.—The agreement testified to on the part of the plaintiff is within the statute of frauds, and therefore void. It was a contract for the sale of a certain lot of horses at a price exceeding two hundred dollars. The agreement was not in writing, nor was there any note or memorandum thereof made in writing, and consequently none such was subscribed by the parties to be charged, nor by any one for them. It is not pretended that any part of the purchase price was paid at the time of the agreement of sale, or at all. So that, unless there was such acceptance and receipt of a part of the horses as is contemplated by section 1739 of the Civil Code, it is clear that the agreement was invalid. The section referred to reads:—

"No sale of personal property, or agreement to buy or sell it, for a price of two hundred dollars or more is valid unless,—

"1. The agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or by his agent; or,

. "2. The buyer accepts and receives part of the things sold, or when it consists of a thing in action, part of the evidences thereof, or some of them; or,

"3. The buyer, at the time of sale, pays part of the price."

The agreement as testified to on the part of the plaintiff was in effect this: Defendants agreed to sell him, and he agreed to buy, one hundred unbroken horses of a certain description at the price of seventy-five dollars each out of defendants' band of horses, then running at large on their stock range; said one hundred horses to be selected, paid for, and taken by plaintiff in this wise:—

Defendants were to gather up a number of the horses of the band from time to time, and place them in their corrals, from which plaintiff was to select not less than twenty of the description agreed on, and commence "rough breaking" them, having for that purpose the use of defendants' harness, cart, etc., after which the number so selected and broken were to be turned into defendants' pasture-field, and another selection made in like manner and for a like purpose; and so on until the whole number of one hundred agreed to be sold and bought as aforesaid should be gathered up, selected, and broken,— all of which was to be done within two months from the time of the agreement of sale. At the expiration of that time, the horses were to be paid for by plaintiff at the rate agreed on, and were then to be taken by him from defendants' premises.

Under the contract, plaintiff went to defendants' ranch, and the latter got together a large number of horses, from which the plaintiff selected twenty-two answering the description agreed on, and commenced breaking them, upon the conclusion of which he turned them into the pasture-field of defendants and waited for defendants to gather another lot from which to select another batch, in accordance with the agreement. The testimony tended to show that defendants failed in that regard, and finally

failed and refused to comply with their part of the contract, and as the verdict of the jury was against them, we take that as an established fact. The real question, however, is, Do the facts in respect to the twenty-two horses selected and broken by plaintiff constitute an acceptance and receipt of part of the lot of horses sold within the meaning of the section of the Civil Code above quoted? We think it clear that they do not. The acceptance, as said by Story in his work on Sales, sec. 276, "must be final, complete, and irrevocable, and the subject-matter must have come into the absolute possession of the purchaser, or of some person authorized finally to receive it for him. . . . . If the agreement be that the title of the subject-matter of sale shall remain in the vendor until a certain date when payment shall be made, it would not be binding if made verbally. Thus where A agreed to purchase a horse from B for ready money, and to take him within a time agreed upon, and about the expiration of such time A rode the horse, and gave directions as to its treatment, but requested that it might remain in the possession of B for a further time, at the expiration of which he promised to remove it and pay the price, to which B assented, and the horse died before A took him away, it was held that there was no acceptance within the meaning of the statute. (*Tempest* v. *Fitzgerald*, 3 Barn. & Ald. 680.)"

In the case at bar, none of the horses forming the subject-matter of the contract ever passed into the absolute possession and control of the plaintiff. There was therefore no acceptance and receipt of any of them by plaintiff within the meaning of the statute.

Judgment and order reversed, and cause remanded.

McKINSTRY, J., and MYRICK, J., concurred.