RODERICK W. CAMERON *v.* CHARLES H. TOMPKINS.

*A promissory note, given as the consideration of an agreement void under the Statute of Frauds, is without consideration — variance between pleading and proof.*

In an action brought to recover the amount due on a promissory note, it appeared that the defendant had sold to the plaintiff certain shares of stock in a mining company, which the plaintiff paid for, and that subsequently the defendant agreed orally to take back the stock and repay the purchase price at some future day; that the plaintiff wrote to the defendant asking him to take back the stock, to which the defendant answered that he would do so on or before a date mentioned. This he failed to do, and at a later date executed the note in suit and delivered it to the plaintiff.

No mention of the price of the stock appeared in the letters or note, nor did it appear that the note was given in payment for the stock. No part of the stock was delivered when the note was given and never has been, but it was tendered when the note became due, and payment thereof was demanded.

The defendant claimed that the note was without consideration, and that the agreement upon which it was founded was void under section 3 of the Statute of Frauds.

The plaintiff in his reply admitted an allegation of the answer that the stock had not been tendered by him, but was allowed to prove on the trial, over the defendant's objection, that he had tendered it when the note came due.

*Held,* that the agreement to repurchase the stock, which was the consideration for the note, was void under section 3 of the Statute of Frauds (2 R. S. 136);

That the letters and note did not contain all the material provisions of the agreement, and did not constitute a "note or memorandum" within subdivision 1 of section 3 of that statute;

That it was error to allow the plaintiff to prove tender of the stock in the face of the admissions in his reply.

MOTION by the defendant, Charles H. Tompkins, for a new trial upon exceptions ordered to be heard at the General Term in the

first instance on a verdict directed for the plaintiff at the New York Circuit on the 5th day of October, 1892.

*Peter B. Olney*, for the plaintiff.

*Burton N. Harrison*, for the defendant.

FOLLETT, J. :

At the close of the trial the plaintiff asked the court to direct a verdict in his favor, and the defendant moved that a verdict be directed in his favor. The court granted the plaintiff's motion and the defendant excepted, and thereupon the defendant's exceptions were ordered to be heard at the General Term in the first instance.

This action was brought on a promissory note of which the following is a copy :

" $5,027.50.                    NEW YORK, 14*th March*, 1890.

" Fifteen days (without grace) after date, I promise to pay to the order of Sir Roderick W. Cameron......Five thousand & twenty-seven 50 | —— Dollars at Hanover National Bank, New York. Value received.

"C. H. TOMPKINS."

The defendant admitted the making, delivery and non-payment of the note, and alleged that it was given in consideration of an oral agreement between the litigants that the defendant would, on the 29th of March, 1890 (the date when the note fell due), purchase of the plaintiff certain shares of stock on delivery of the certificates properly signed, which, it is alleged, the plaintiff did not do, and that the oral agreement was void under the Statute of Frauds, and the note was without consideration. This note arises out of the following transaction : The defendant was the owner of shares or was engaged in procuring subscriptions for unissued shares of the Idaho Mining and Irrigation Company, a domestic corporation, and on the 18th of November, 1889, the plaintiff acquired from or through the defendant 784 shares of the stock for $5,000, and on the same day a certificate for 484 shares was issued to R. W. Cameron & Co., and another certificate for 300 shares to R. McLeod Cameron, the plaintiff's son. The agreed price of the shares was paid on or about the date of the certificates. In January, 1890, the defendant orally

agreed that he would at some future date take back the shares and repay the purchase price.

On the 24th of January, 1890, the plaintiff wrote the defendant as follows:

"R. W. CAMERON & Co.,
"23 SOUTH WILLIAM STREET,
"NEW YORK, 24 *January*, 1890.
"GENERAL C. W. TOMPKINS:

"DEAR GENERAL — Agreeably with your considerate promise to relieve me of my subscription to the Idaho Irrigation Co., I ask you to make an entry of it in your Journal and kindly write me a reply, naming a date on which you will repay me the amount. I do not seek any interest on the amount paid, but if you will include my son's subscription also it would be a favor.

"Your proposition was 30 days from the 7th instant, but if you prefer to extend the time you can make it from this date. I am
"Faithfully yours,
"R. W. CAMERON."

The defendant received the letter and indorsed thereon, "Replied Jan. 30, '90, agreeing to take stock by 24 Feby." The following is a copy of the defendant's answer:

"No. 15 CORTLANDT STREET,
"NEW YORK, 30*th Jany.*, '90.
"DEAR SIR RODERICK:

"I beg to acknowledge your favor of 24th inst., and in reply to state that I will undertake to accede to your request to relieve you and your son of your subscriptions to the stock of the Idaho Mining & Irrigation Co. on or before Feby. 24th, 1890.
"Very truly yours,
"C. H. TOMPKINS.
"SIR RODERICK CAMERON."

The shares were not taken back on the 24th of February, 1890, and other conversations were held on the subject between that date and March 14, 1890, when the parties met and the note in suit was executed and delivered. The certificates for the shares were not present when the note was executed and have never been delivered to the defendant, although they were tendered at the Hanover

Bank on the day the note fell due and payment demanded. The principal question presented on this appeal is, was there a sufficient memorandum in writing to save the contract from the condemnation of the 3d section of the Statute of Frauds which provides :

" § 3. Every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void, unless,

" 1. A note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby ; or,

" 2. Unless the buyer shall accept and receive part of such goods, or the evidence, or some of them, of such things in action ; or,

" 3. Unless the buyer shall, at the time, pay some part of the purchase money."

A contract to sell shares of stock in a private corporation is within the 3d section of the Statute of Frauds of the State of New York. (*Johnson* v. *Mulry*, 4 Robt. 401 ; affd., 51 N. Y. 634 ; *Baltzen* v. *Nicolay*, 53 id. 467–470 ; *Brownson* v. *Chapman*, 63 id. 625 ; Dos Passos S. & S. 765 ; Cook S. & S. § 339 ; Reed St. Fr. § 234.)

The defendant did not accept the certificates for all or any of the shares, nor were they, or any of them, assigned to him at the date of the agreement to sell, nor at any time thereafter ; nor were they, or any of them, transferred to him on the books of the corporation, and no part of the purchase money was paid by him. The contract is not valid under the second or third subdivision of the section, and the defendant cannot be held liable to pay for the shares unless there is a sufficient note or memorandum in writing to satisfy the requirements of the first subdivision. The only memoranda relating to the sale which were introduced in evidence are the letters before quoted and the note on which the action was brought. The letters referred to each other and may be read together, but it will be observed that the price at which the shares were sold is not stated in either letter. The promissory note is not referred to in the letters, and there is nothing in them or in the note showing that the sum for which the note was given represents the price of the shares ; or, indeed, that the note arose out of the transaction. The only way in which we are informed that the note was given for the agreed price of the shares is by the testimony given on the trial. It was not competent for the plaintiff to show by oral evidence that the note was given for the purchase price of the shares, and though that fact was proved without

objection and also by the defendant, it did not validate the contract, and the defendant, having pleaded that the contract out of which the note arose was void by the Statute of Frauds, he is in a position to take advantage of the fact. In order to satisfy the requirements of the 3d section of the Statute of Frauds, all of the material provisions of the contract must be contained in some note or memorandum, and in case any material provision is omitted from the writing or writings, its terms, or the nature of the provision, cannot be established by testimony. (*Wright* v. *Weeks*, 25 N. Y. 159; *Stone* v. *Browning*, 68 id. 598; *Drake* v. *Seaman*, 97 id. 230; *Hentz* v. *Newwitter*, 122 id. 491.)

As before stated, the price at which the shares were sold is not disclosed by the memoranda, which is a material provision of a contract for the sale of goods or choses in action.

In case goods or choses in action are sold at an agreed price of fifty dollars or more, the memorandum of sale must disclose the price at which sold, in order to satisfy the requirements of the 3d section of the Statute of Frauds. (*Stocker* v. *Partridge*, 2 Robt. 193; *German* v. *Machin*, 6 Paige, 288–292; *Newbery* v. *Wall*, 65 N. Y. 484–488; *Stone* v. *Browning*, 68 id. 598–604; *Williams* v. *Morris*, 95 U. S. 444–455; *Smith* v. *Arnold*, 5 Mason C. C. 414; *Johnson* v. *Buck*, 35 N. J. Law, 338–343; *Welsh* v. *Bayaud*, 21 N. J. Eq. 186; *Carr* v. *Passaic Land Imp. Co.*, 19 id. 424; *Elmore* v. *Kingscote*, 5 B. & C. 583; S. C., 8 D. & R. 343; *Acebal* v. *Levy*, 10 Bing. 376; *Hoadley* v. *McLaine*, Id. 482; *Goodman* v. *Griffiths*, 1 H. & N. 574; 1 Benj. Sales [Corbin's ed.], §§ 249–251; Black. Sales [2d ed.], 59; 1 Reed St. Fr. § 417; Browne St. Fr. §§ 381 *et seq.*) When a price is not agreed on, the circumstances may be such as to justify the assumption that the goods were to be sold or the work to be done at a reasonable price, but this rule does not apply to a case where the price was agreed on. (*Argus Co.* v. *Mayor, etc.*, 55 N. Y. 495, and the authorities above cited.)

The contract proved, which was the consideration for the defendant's promise, was void under the Statute of Frauds, and the plaintiff, under the evidence contained in this record, was not entitled to recover.

The answer contains this allegation: "Defendant further alleges that the plaintiff did not on said 29th day of March, 1890, demand

FIRST DEPARTMENT, OCTOBER TERM, 1893. [Vol. 72.

of defendant that defendant make such purchase, and that plaintiff did not on said day tender to defendant said shares of stock, or the certificate or certificates by said corporation theretofore issued for and representing said shares, and then held by plaintiff; and that plaintiff did not on said day offer to deliver said certificate or certificates to defendant, properly indorsed for transfer."

This allegation is contained in the defendant's second defense. The plaintiff served a reply which contains the following denial: "The plaintiff denies each and every allegation contained in the defendant's second and separate defense, the counterclaim herein, except that portion thereof wherein defendant alleges that on the 29th day of March, 1890, plaintiff did not demand 'of defendant that defendant make such purchase, and that plaintiff did not on said day tender to defendant said shares of stock, or the certificate or certificates of said corporation theretofore issued for and representing said shares, and then held by plaintiff; and that plaintiff did not on said day offer to deliver said certificate or certificates to defendant, properly indorsed for transfer.'"

On the trial the plaintiff was permitted to prove that he tendered the certificates for the shares at the Hanover National Bank, March 29, 1890, when the note fell due and was presented for payment. The defendant objected to this testimony on the ground that it contradicted the reply, which objection was overruled and an exception was taken. The plaintiff did not ask to amend his reply nor that he be relieved from his admission. The defendant had the right to rely on this admission, and he was under no obligation to be prepared with evidence to meet this question. The reception of this testimony was error.

The defendant's exceptions must be sustained and the verdict set aside and a new trial granted, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Defendant's exceptions sustained and verdict set aside and new trial granted, with costs to the defendant to abide the event.