[S. F. No. 900. Department Two.—February 28, 1899.]

## A. C. DAUPHINY & CO., Appellant, v. RED POLL CREAMERY COMPANY, Respondent.

SALES—STATUTE OF FRAUDS—ACCEPTANCE AND RECEIPT—SUPPORT OF FINDING.—In order to render valid a sale within the statute of frauds, which is not evidenced by any contract in writing, there must be clear proof both of acceptance and receipt of part of the thing sold; and where the facts which are without controversy are not sufficient to constitute acceptance and receipt, a finding against those facts cannot be disturbed.

ID.—EVIDENCE—RULING WITHOUT PREJUDICE.—The reception of immaterial evidence for the respondent, whose case was fully made out without such evidence, if erroneous, is not prejudicial to the appellant.

APPEAL from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion.

Henry L. Ford, and James F. Coonan, for Appellant.

S. M. Buck, and F. A. Cutler, for Respondent.

PRINGLE, C.—Appeal from judgment, with bill of exceptions. Appeal taken within sixty days after rendition of judgment. Action brought to recover the price of one hundred and eighty cords of wood at one dollar and seventy-five cents per cord. Defense, that there was no contract in writing and no receipt and acceptance of the wood.

It is not claimed that there was any contract in writing. The court below found that the wood was delivered upon the lands of the respondent, and near its creamery, but that no part of it was accepted and received, within the meaning of section 1739 of the Civil Code. In such case, the acceptance is matter for the jury to determine; and the finding must stand unless the uncontroverted facts are sufficient in law to constitute an acceptance.

The cases, under the clause of the statute of frauds which our code section has reproduced, hold that, in order to supply the place of a writing, acceptance and receipt are necessary to show the complete consent of the vendee to the existence of the contract. Acceptance and receipt are both necessary. "The acceptance must be clear and unequivocal." (Benjamin on Sales, sec. 144, where cases are collected.) In this case, the facts which are without controversy are not sufficient to constitute acceptance and receipt. The well-established facts are that in the fall of 1895 Isaac and Alex. Mosely, the assignors of plaintiff, agreed with A. M. George, as manager of the respondent, to sell the wood and deliver it on the lands of respondent, to be measured and paid for after the respondent had consumed one hundred cords of wood previously purchased from one Niles, and then on hand. The manager of the respondent was to receive and measure the wood. The wood was cut and delivered on the lands of the respondent some time before the respondent was ready to receive it, the Niles wood being still unconsumed. All that tends to show acceptance by the respondent is the fact that the respondent used about five and a half cords of the wood. There was an effort on the part of the respondent to show that this was done by mistake, the manager supposing the wood consumed to be part of a lot which had been purchased from one Olmstead. But the record of the testimony is evidently very imperfect; and there is nothing to show clearly that fact. Upon the facts shown there is nothing to explain in one way or the other the use by the respondent of the five cords of the wood; and that must remain as a fact in favor of the appellant tending to show acceptance. It cannot, however, have much significance in that direction, because there is no proof that the wood was measured by the manager with a view to ac-

ceptance and payment. Alex. Mosely says that Sage, the manager of the respondent, told him that Cutler, the respondent's secretary, had measured it. But Cutler says, "I never measured the wood. I do not know of anyone measuring the wood for the company. I do not know of anyone receiving the wood for the company." And, the finding being against the acceptance, we must hold that it was not measured for the respondent. This would take for the use of the five cords all its significance as an act of acceptance. Effort is made by the respondent to prove the alleged mistake by which these five cords were used as wood supposed to have been bought from Olmstead. But nothing is actually proved except the fact of a purchase of wood from Olmstead. The alleged mistake in the use is not established. Cutler, the secretary, says: "I did know of the wood having been used by the defendant until this suit was commenced." If we are permitted to insert the word "not," evidently omitted by accident, that would still only tend to show the mistake alleged. There is not, however, affirmative proof enough on the part of the appellant to make out an acceptance, against the finding of the trial court. A fact that weighs strongly against the appellant is, that on August 19, 1896, the wood which had been delivered on the lands of the respondent was attached in a suit against the Mosely brothers; and thereupon the appellant served upon the respondent a formal notice in writing that the wood was the property of the respondent, the notice ending as follows: "And you are hereby forbidden, to use the same or any part thereof without your first having obtained consent of A. C. Dauphiny & Co." Cutler, the secretary of the respondent, says in reference to this notice: "When Mr. Dauphiny served the notice on me that has been introduced in evidence, it was the first time I knew Dauphiny & Co. claimed the wood."

There is not affirmative proof on the part of the appellant sufficient to overcome the adverse finding of the court.

The appellant claims error at the trial in admitting the testimony of Olmstead and Cutler in reference to the purchase by Olmstead of twenty-nine cords of wood from the Mosely brothers, and his sale of that wood to the defendant. The evidence was offered with a view to establish the alleged mistake

of the defendant in using the five cords. It will be seen, however, from the above general statement of the case that if the evidence was immaterial it was not prejudicial to the appellant, for the respondent's case is made out without proof of the fact. The evidence of those witnesses is all that was offered on that subject. It did not, as we have seen, prove the mistake contended for. But as the respondent gets its judgment from the weakness of appellant's case and without proof of the alleged mistake, the error, if any, was not prejudicial.

I advise that the judgment be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Temple, J., McFarland, J., Henshaw, J.