[Civ. No. 1170.   First Appellate District.—March 10, 1913.]

## FRANK E. BOOTH, Respondent, v. A. LEVY & J. ZENT-NER COMPANY (a Corporation), Appellant.

SALE—STATUTE OF FRAUDS—WRITTEN MEMORANDUM.—A written order for a carload of cranberries, subject to confirmation by the purchaser "when opening price is named by the shipper," is not a sufficient memorandum to satisfy the statute of frauds.

ID.—MEMORANDUM LEAVING PRICE YET TO BE FIXED.—A writing that leaves the price to be subsequently fixed by agreement of the parties does not satisfy the statute of frauds.

ID.—INTERPRETATION OF CODE SECTIONS—REPEAL BY IMPLICATION.—While there is some difference between the wording of section 1973 of the Code of Civil Procedure and section 1739 of the Civil Code, it is only by implication that the former repeals the direct rule of substantive law laid down by the latter, and repeals by implication are not favored.

ID.—DELIVERY TO CARRIER DOES NOT OBVIATE NECESSITY OF WRITING.—The delivery of cranberries to a carrier for transportation to the buyer is not such a receipt and acceptance as to obviate the necessity of a writing between the parties to the sale.

ID.—ESTOPPEL OF BUYER TO PLEAD STATUTE OF FRAUDS.—Where goods are shipped to a distant buyer under an oral agreement only, and he refuses to accept them, he is not estopped to rely on the statute of frauds.

ID.—JUDGMENT—ABSENCE OF PLEADINGS OR FINDINGS TO SUPPORT.—Where no issue of estoppel is presented by the pleadings, and the court makes no findings upon such an issue, a judgment cannot be supported on any theory of estoppel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, for Appellant.

Henry J. Brodsky, for Respondent.

HALL, J.—Plaintiff obtained a judgment against defendant in the sum of $671, as damages for its refusal to accept

and pay for a carload of cranberries, consisting of 215 barrels, alleged to have been sold and delivered by plaintiff's assignor to defendant at an agreed price of $5.50 per barrel·f. o. b. at shipping point.

Defendant among other things pleaded and relied at the trial upon the statute of frauds as a defense to the action, and the vital question presented by this appeal arises out of this defense. The question is not only raised by the answer, but is presented by timely objections to certain of the evidence, a motion for a nonsuit, and attacks upon the sufficiency of the evidence to support the findings.

The facts are that plaintiff's assignor, National Fruit Exchange, and defendant signed and executed a written memorandum as follows:

"Cranberry order placed with National Fruit Exchange. S. F. May 19, 1910.

"Buyer: A. Levy & J. Zentner Co.

"Address: San Francisco, Cal.

"One carload Monarch cranberries.

"220 barrels ................ cranberries.

"One carload Monarch cranberries.

"220 barrels ............... cranberries.

"Shipment about: 1 car ship early as possible, other to follow about 14 days.

"Destination of car: San Francisco.

"This order is given subject to confirmation by the purchaser when opening price is named by the shipper.

"If by reason of short crop or other unavoidable cause, shipper's holdings of cranberries are short, shipper reserves the right when he names price to accept only such portion of above order *pro rata* with other orders actually booked. If the buyer approves of price within twenty-four (24) hours after same is quoted by the shipper, Sundays excepted, the shipper agrees to confirm this order in full before, and in preference to accepting any order received thereafter.

"If after the order has been confirmed and the price agreed upon, cranberries held by the shipper shall be destroyed or injured in such a way as to make the fruit unsafe to ship, or of unmerchantable quality, by fruit worm, hailstorms, or other unavoidable causes, the shipper shall *pro rata* his remaining holdings of good merchantable stock among unfilled

orders actually booked and confirmed at time of such occurrence.

"Terms: Net cash; sight draft with bill of lading, draft to be held by bank until arrival of goods; inspection permitted before payment of draft."

Defendant by its agent signed as "purchaser," and plaintiff's assignor, by its agent, signed as "shipper."

Subsequently plaintiff's assignor, through its agent, orally informed defendant that the opening price of the cranberries was $5.50 per barrel and defendant orally ordered the cranberries to be shipped. This testimony was admitted over the objection of defendant.

One carload of cranberries was shipped to defendant, but upon its arrival in San Francisco defendant refused to accept the same, and the shipper subsequently sold them at a loss of $671.

Plaintiff contends: 1. That the writing signed by the parties is a sufficient memorandum of a sale to take the transaction out of the statute of frauds; and 2. That the delivery of the cranberries to the common carrier was a sufficient receipt of the same by defendant to effectuate the same purpose.

Neither of these positions is sound.

By the writing the parties did not agree upon any sale at all. The order was expressly subject to confirmation by the purchaser when "opening price is named by the shipper." The buyer, until it had agreed to the price, was not bound by the agreement at all, and it had the right to refuse to bind itself no matter what price should be named. The price was still a matter yet to be determined by agreement. No meeting of the minds of the parties had yet occurred upon the question of price, but the question of price was wholly reserved for future agreement. It was not left to be determined by a third party, or by the market rates, or in any manner other than by future agreement of the parties. Until such an agreement has been reached and reduced to writing no sufficient written contract can be said to have been executed to take the case out of the statute of frauds.

A writing that leaves the price to be subsequently fixed by agreement of the parties is not sufficient to meet the requirements of the statute of frauds. (*Breckinridge* v. *Crocker,* 78 Cal. 529, [21 Pac. 179]; *Seymour* v. *Oelrichs,* 156 Cal.

782, [134 Am. St. Rep. 154, 106 Pac. 88] ; *Baume* v. *Morse,* 13 Cal. App. 456, [110 Pac. 350] ; *Ringer* v. *Holtzclaw,* 112 Mo. 519, [20 S. W. 800] ; *Thurlow* v. *Perry,* 107 Me. 127, [77 Atl. 641] ; *Cameron* v. *Tompkins,* 72 Hun, 113, [25 N. Y. Supp. 305].)

All of the cases cited by respondent as to the sufficiency of the contract are cases where the matter of the price was left to be fixed by future agreement or negotiation of the parties, and are not in point. In fact the whole argument of plaintiff upon this head is predicated upon the assumption that by the terms of the writing defendant agreed to purchase at the figure which should be fixed as the "opening price." The writing is not open to such a construction. The buyer was not bound to pay the "opening price" unless it subsequently agreed to do so. It never did so agree in writing, and therefore no valid agreement was ever entered into under the statute of frauds.

The contention of the plaintiff that the delivery of the cranberries to the common carrier is sufficient to take the case out of the statute of frauds is predicated upon the contention that under section 1973 of the Code of Civil Procedure, as it was amended in 1907, [Stats. 1907, p. 563], either the acceptance *or* receipt of the goods by the buyer is sufficient to make a valid and binding contract of sale of personal property at a price amounting to two hundred dollars. But this section is not the section that lays down the substantive law as to what shall constitute a valid contract of sale of personal property. Only the opening sentence can be said to lay down a rule of substantive law. It is, "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent." This is followed by a rule of evidence, which only implies that a contract for the sale of personal property at a price of two hundred dollars or more may be valid if the buyer "accepts, *or* receives" part of the goods. In such a section the substitution of the word "or" for the word "and" by the amendment of 1907, between the words "accepts" and "receives" cannot be held to have repealed or modified the substantive law as to a sale of personal property as laid down in section 1739 of the Civil Code. This section is a section dealing solely with the matter

of sales of personal property, and lays down the requisites
of a valid contract as to such sales.   As it now exists and as
it has ever existed since the adoption of the codes in 1872, it
requires that the buyer both *accept and receive* a part of the
goods or pay a part of the price, to make a valid contract
unless it be in writing.   Such has been the uniform construc-
tion put upon this section (Civ. Code sec. 1739) by the courts
of this state.   (*Jamison* v. *Simon,* 68 Cal. 17, [8 Pac. 502] ;
*Terney* v. *Doten,* 70 Cal. 399, [11 Pac. 743] ; *Dauphiny* v.
*Red Poll Creamery Co.,* 123 Cal. 548, [56 Pac. 451].)

These cases lay down the rule that under section 1739 of
the Civil Code there must be both a receipt and acceptance by
the buyer to avoid the necessity of a written contract.   While
these cases were decided prior to the amendment to section
1973 of the Code of Civil Procedure of 1907 they recognize
that section 1739 of the Civil Code is the section which fixes
the substantive law upon the subject with which it deals.
There is certainly some difference in the wording of the two
sections; but it is only by implication that it can be said that
section 1973 of the Code of Civil Procedure repeals the ex-
press and direct rule as laid down in section 1739 of the Civil
Code.   Repeals by implication are not favored.

We therefore hold that even if it be conceded that the de-
livery to a common carrier for transportation to the buyer
worked a receipt of the goods by the buyer such a receipt
does not meet the requirements of the law as to an accept-
ance by the buyer.   There must be both a receipt and accept-
ance by the buyer to obviate the necessity of a writing con-
taining the essential terms of the contract.   (Civ. Code, sec.
1739; *Jamison* v. *Simon,* 68 Cal. 17, [8 Pac. 502] ; *Terney* v.
*Doten,* 70 Cal. 399, [11 Pac. 743] ; *Dauphiny* v. *Red Poll
Creamery Co.,* 123 Cal. 548, [56 Pac. 451].)

We see nothing in the record to support the contention
that defendant is estopped to rely upon the statute of frauds.
It is a plain case where the seller chose to ship goods to a
distant buyer who was bound by an oral agreement only.   To
hold that under such circumstances the buyer who refuses to
accept the goods is estopped to rely upon the statute would
be to practically abrogate the statute of frauds.   (*Hicks* v.
*Post,* 154 Cal. 22, [96 Pac. 878].)

Furthermore the court made no findings upon any issues of estoppel, and no such issue was presented by the pleadings. The judgment therefore cannot be supported upon any theory of estoppel. (*Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221, 230, [41 Pac. 1017, 45 Pac. 252].)

The judgment and order are reversed.

Lennon, P. J., and Murphey, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1913.