[Civ. No. 1290.  First Appellate District.—November 20, 1913.]

H. N. GARD, Appellant, v. J. L. RAMOS, Respondent.

ACTION FOR GOODS SOLD—AMENDMENT OF ANSWER SO AS TO PLEAD
STATUTE OF FRAUDS.—In an action for goods sold and delivered
it is not an abuse of discretion for the court to permit the defend-
ant, at the close of the plaintiff's case, to amend his answer so as
to affirmatively plead the statute of frauds, where that issue has
already been presented by the denials of the answer.

ID.—WAIVER OF STATUTE OF FRAUDS BY FAILURE TO OBJECT TO ORAL
EVIDENCE.—In such action the defendant does not waive the issue
as to the statute of frauds by his failure to object to oral evidence
offered in proof of the agreement to purchase the goods, since such
evidence, while not of itself sufficient to establish the agreement,
is one of the steps in the order of proof required by the statute of
frauds, and is admissible, when followed by the other evidence re-
quired by the code, in order to take the agreement out of the
statute.

ID.—STATUTE OF FRAUDS—ORAL SALE OF GOODS—RECEIPT AND ACCEPT-
ANCE.—It is essential, in order to take an oral agreement for the
sale of personal property of the value of over two hundred dollars
out of the statute of frauds, that the buyer should both receive and
accept the goods.  The requirement of section 1739 of the Civil
Code in this respect is not affected by the amendments to section
1624 of the Civil Code or section 1973 of the Code of Civil Pro-
cedure.

APPEAL from a judgment of the Superior Court of Ala-
meda County and from an order refusing a new trial.   John
Ellsworth, Judge.

The facts are stated in the opinion of the court.

F. I. Lemos, and Snook & Church, for Appellant.

Henry G. W. Dinkelspiel, and John R. Jones, for Respond-
ent.

RICHARDS, J.—This is an action brought to recover the
sum of $461.30, the value of certain goods, wares, and mer-
chandise claimed to have been sold and delivered by plaintiff's
assignor to the defendant and which he refused to accept and
pay for.  The answer denied the contract to purchase the

goods and also their delivery, and admitted the defendant's refusal to receive and pay for them.

Upon the trial the plaintiff offered evidence of an oral agreement to purchase the goods, which evidence was admitted without objection on the part of the defendant. The plaintiff also offered proof of the delivery of the goods to the Southern Pacific Railway Company, a common carrier, at San Francisco, for shipment to the defendant at Haywards, California, and that they were duly forwarded to him there, but that he refused to accept or receive or pay for them.

At the close of plaintiff's case the defendant moved the court for leave to amend his answer so as to set up the plea of the statute of frauds. The court granted this motion. Thereupon the defendant moved for a nonsuit, which motion the court also granted, and entered judgment accordingly. From these orders and judgment, and also from an order denying plaintiff's motion for a new trial, he prosecutes this appeal.

The first point presented by appellant is that the court erred in permitting the defendant to amend his answer at the close of plaintiff's case so as to plead affirmatively the statute of frauds. We think this point is not well taken for two reasons: 1. That the large discretion with which the trial court is invested in the matter of permitting the amendment of pleadings should not be disturbed upon appeal except where it clearly appears that such discretion has been abused—which does not appear in this case; and, 2. that the error, even conceding its existence, would have been harmless, for the reason that the issue of the statute of frauds had already been presented by the denials of the defendant's answer. (*Feeney* v. *Howard*, 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984].)

Counsel for appellant, however, contends that during the trial the defendant waived the issue as to the statute of frauds by his failure to object to the oral evidence offered in proof of the agreement to purchase the goods at the time of the offer of such evidence. This contention cannot be sustained, for the reason that the oral evidence offered in proof of the agreement in question, while not of itself sufficient to establish it, was one of the steps in the order of proof required by the statute of frauds, and was still admissible, when followed by the other evidence required by the code, in order to take the

agreement out of the statute. (*Wilson* v. *Hotchkiss,* 21 Cal. App. 392, [132 Pac. 88]; *Marsh* v. *Hyde,* 3 Gray (69 Mass.), 331.)

The main question presented by the record is as to the correctness of the court's ruling in granting a nonsuit. The place of business of the assignor of plaintiff was San Francisco. The defendant resided and had his place of business at Haywards. The goods in question were duly delivered to the carrier for shipment, and were duly transported from the former to the latter place. The appellant contends that this delivery to the carrier constituted a delivery to and receipt by the buyer; that the words deliver and receive are synonymous, and hence that said delivery to the carrier constituted such a receipt of the goods by the buyer as would take the case out of the statute of frauds. Counsel for the appellant cites many cases from other states supporting his contention that the words deliver and receive are identical in meaning when used in connection with the statute of frauds. Our view of the construction to be placed upon the several sections of the code referring to the statute of frauds renders it unnecessary to decide this question, for the reason that it is essential, in order to take an oral agreement for the sale of personal property of the value of the goods in question here out of the statute of frauds, that the buyer should both *receive* and *accept* the goods. The confusion which was created in our codes by the amendment to section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure, changing the phrase "receive and accept" to "receive or accept" in each of these sections, while leaving section 1739 of the Civil Code unchanged in this respect, was brought to the attention of this court in *Booth* v. *Levy etc. Co.,* 21 Cal. App. 427, [131 Pac. 1062]. That was a case in its main facts identical with the present one; and it was there held that section 1739 of the Civil Code is the section which sets forth the substantive law governing sales of personal property and laying down the requisites of a valid contract as to such sales; and that this being so, the express requirement of said section that, in order to validate an oral agreement for the sale of personal property of a value in excess of two hundred dollars, the buyer must both "receive *and* accept" the goods, is not to be held repealed by implication, or affected by the changes wrought

in section 1624 of the Civil Code or section 1973 of the Code of Civil Procedure, by the more recent amendments thereof.

Adhering to these views as in accord with the construction which has been consistently placed upon section 1739 of the Civil Code in earlier cases (*Jamison* v. *Simon,* 68 Cal. 17, [8 Pac. 502]; *Terney* v. *Doten,* 70 Cal. 399, [11 Pac. 743]; *Daughiny* v. *Red Poll Creamery Co.,* 123 Cal. 548, [56 Pac. 451]), we are constrained to hold that the plaintiff in this case, having failed to show a receipt *and* acceptance of the goods by the buyer, the motion for a nonsuit was properly granted and the motion for a new trial properly denied.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.