[Civ. No. 3768.  Second Appellate District, Division One.—May 8, 1922.]

## J. C. MARTIN, Respondent, v. J. S. GOING, Appellant.

[1] ASSIGNMENT—WAGES — EVIDENCE — BURDEN OF PROOF.—Where in an action on assigned claims for labor performed the defendant in his answer specifically denied the allegations made in the complaint as to the assignments, the effect of such denial was to place the burden upon the plaintiff to show, by legal evidence, assignments made in accordance with section 955 of the Civil Code, and the fact that the assignors were permitted without objection to answer general questions in the affirmative as to whether they had assigned their claims to the plaintiff did not estop the defendant from questioning the sufficiency of such proof on appeal.

[2] WAGE LAW—PENALTIES—EFFECT OF ACTION.—Under the wage law (Stats. 1919, p. 294) the penalties for nonpayment of wages stop running upon the commencement of an action to collect the same, where the action is brought by an original claimant.

[3] ID.—ASSIGNMENT—SUBSEQUENTLY ACCRUING PENALTY.—An assignment of a labor claim cannot carry with it and preserve in favor of the assignor the right to a penalty accruing subsequent to the date of the assignment.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

Nowell & Moran and Lamberson & Lamberson for Appellant.

A. P. Harris for Respondent.

JAMES, J.—The appeal in this case was taken from a judgment for the sum of $485.30 entered against appellant.

Plaintiff alleged in his complaint that he had acquired by assignment three claims for farm labor performed by individuals upon the ranch of appellant. He alleged that one Martin performed labor from July 11 to August 5, 1920, at the reasonable value of $81.40; that one Clark performed labor from July 4 to August 5, 1920, at the value of $68, and one Long performed labor from the 31st of May to August 5, 1920, at the reasonable value of $115.40. These claims totaled the sum of $264.80. The difference between this amount and the amount for which judgment was awarded is made up of sums which the court assessed as penalties because of the failure of appellant to pay the wages on demand. Preliminarily it is worth while to state that upon the face of the record a fair inference is indicated that the plaintiff here acquired these claims for the purpose of making collection of them. The transaction in that light would be a perfectly legitimate and legal one, but it is somewhat remarkable that as these claims in their several original amounts and including any penalty that might be imposed were each within the jurisdiction of the justice's court, they were lumped together so that the alleged assignee's demand brought the amount within the jurisdiction of the superior court. Instead of trying the actions in the justice's court, where a speedy trial could be had, and a prompt disposition of the matters be made in the superior court in the event of an appeal thereto, the claimants have chosen to put the controversy in a position where it has necessarily been attended by largely increased expenses for printing and other costs, and added delay before final determination is reached. However, the

controversy has been brought here and the questions presented will be fully considered.

[1]   Among other contentions made appellant insists that no right is shown in the plaintiff to recover because no valid assignment was proved to have been executed by the three original claimants. In this connection section 955 of the Civil Code is cited, which expressly provides that ''no assignment of, or order for wages or salary shall be valid unless made in writing by the person by whom the said wages or salary are earned. . . . '' The defendant in his answer specifically denied the allegations made in the complaint as to the assignments, and the effect of such denial was to place the burden upon the plaintiff to show, by legal evidence, assignments made in accordance with the requirements of the code provision. That such a denial in the answer was sufficient to put in issue the sufficiency of the assignments is established by the cases of *Wakefield* v. *Greenhood,* 29 Cal. 597, and *Feeney* v. *Howard,* 79 Cal. 525, at page 535 [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]. These decisions also hold that where the issue of the statute of frauds is made, plaintiff must prove a sufficient contract, and it is declared that this can ''be done only by the production of proof of the execution and contents of the written agreement, or some note or memorandum thereof executed according to the provisions of the statute of frauds.'' (See, also, *Jonas* v. *Field,* 83 Ala. 445 [3 South. 893]; Brown on Statute of Frauds, 5th ed., sec. 535; *Gard* v. *Ramos,* 23 Cal. App. 303 [138 Pac. 108].) Respondent replies to this contention with the argument that, as the assignors were permitted without objection to answer general questions in the affirmative as to whether they had assigned their claims to the plaintiff, it is now too late to question the sufficiency of the proof. Defendant was entitled to rest upon his answer raising the issue and to require that the plaintiff establish the assignments by legal evidence, and that, as the authorities cited hold, could only be done by the production of a writing properly executed, or at least proof that one had been so made. Respondent's argument would be sound were the situation one where witnesses had testified without objection that written assignments had been made; in that case the opposite party could not be afterward heard to complain because the writ-

ings had not been produced. The mere statement of the witnesses that each had assigned his claim, without stating the manner in which that assignment was made, fell short of establishing the fact in the required manner.

While the conclusion expressed on the contention just discussed is determinative of this appeal, in view of the fact that further proceedings may be had it will be advisable to consider other objections which have been urged.

Appellant argues that the evidence was insufficient to show that any contractual relation existed between the defendant and the alleged assignors of the plaintiff. This contention must be considered in the light of the evidence which is most favorable to plaintiff's case.

It appears that two men, Bunch and Barnes, on the 1st of April, 1920, entered into a contract with the defendant, who was the owner of a ranch, whereby they agreed to crop the ground and receive one-half of the proceeds as compensation. Under that contract they were to pay all expenses except for "power." Barnes and Bunch did not work harmoniously and on the fourth day of May, Barnes having retired from the contract with the consent of the owner of the ranch, Bunch arranged with the defendant to proceed with the growing and harvesting of the crop of hay. Bunch testified that the original agreement was entirely abrogated and that the defendant agreed from then on to pay all expenses incident to the growing and harvesting of the crop, and that for his services Bunch was to have one-half of that crop less the cost of producing the whole. He stated that he was under the direction of the defendant as to the manner in which the crop was to be grown and that he performed his part of the agreement and remained on the ranch until the hay was harvested, baled, and stacked; he testified that he gave written orders on the defendant for the payment of claims of laborers, which were honored up to the time that the three assignors of the plaintiff who had been employed by Bunch on defendant's ranch, asked to be paid. It appeared by his testimony that he had received no part of the hay and that the matter of adjusting his own claim remained open. Without making any further statement of the evidence, it has already appeared that there was some substantial evidence upon which the trial court might properly conclude that, after the

making of the agreement between Bunch and the defend-
ant, and after Barnes left the ranch, Bunch became the
agent of the defendant in the matter of hiring men to care
for and harvest the hay crop. The testimony of the de-
fendant, from which it would appear that Bunch did not
act as his agent, but that he, the defendant, advanced to
Bunch as a loan various sums of money, created a con-
flict which it was the trial court's duty to resolve; and
as to which this court has no concern.

[2] Another contention made by appellant is that the
court erred in allowing recovery for additional sums as
penalties for nonpayment of the alleged wages. In the
Statutes of 1919, page 294 (Deering's General Laws, 1921
Supplement, p. 1552), it is provided that as to an employee
not working under a written contract for a definite period,
his wages shall become due and payable not later than sev-
enty-two hours after termination of the employment, and
that (section 5) where an employer willfully fails to pay
such wages, "as a penalty for such nonpayment the wages
or compensation of such employee shall continue from the
due date thereof at the same rate until paid, or until an
action therefor shall be commenced; provided that in no
case shall such wages continue for more than thirty days;
. . . " To this point appellant's argument consists mainly
of the assertion that the penalty could not be collected
because appellant was not shown to have employed plain-
tiff's alleged assignors. That question is necessarily deter-
mined by what has been last stated in the foregoing. How-
ever, attention should be called to the fact that, while the
court allowed as a penalty on each claim a sum equal to
thirty days' wages, it appeared that the original complaint
herein was filed on August 24, 1920, and all of the amounts
alleged to be owing were alleged to have accrued on Au-
gust 5, 1920. Furthermore, the court, referring to the as-
signment, found only that such assignment had been made
"prior to the commencement of the action." These facts
suggest two questions, which may be thus answered: (1)
Under the terms of the statute the "penalty wages" would
stop running upon the commencement of an action to col-
lect the same, where the action is brought by an original
claimant. But nineteen days elapsed between the cessation
of labor and the commencement of the action; hence in no

event could there be a thirty-day penalty allowed; [3] (2) an assignment of a labor claim cannot carry with it and preserve in favor of the assignor the right to a penalty accruing subsequent to the date of the assignment. For aught that appears in the findings of the court, the assignment may have been made on any day subsequent to the cessation of work. For the various reasons expressed it is clear that the judgment cannot be sustained.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.