[Civ. No. 269.   Second Appellate District.—October 17, 1906.]

## J. IRVING CROWELL, Appellant, v. THOMAS EWING, Respondent.

BROKER'S COMMISSION—SALE OF MINE—ORAL AGREEMENT WITH HOLDER OF OPTION.—An oral agreement by one who holds an option to purchase a mine, and who has an interest therein, to divide with another, for his services in procuring a sale of the mine, the sum paid for the option, and a large sum which was intended to pay for the interest of the holder of the option, one-half of which was to be paid to such other person as compensation or commission on such sale, falls within subdivision 6 of section 1624 of the Civil Code, and is invalid.

ID.—LETTER NOT A SUFFICIENT MEMORANDUM.—A letter from defendant to plaintiff concerning parties who were negotiating for the purchase of the mine, which contains no agreement or promise

to pay commissions, and is simply a notice to plaintiff to negotiate with them concerning his commissions, is not a sufficient memorandum in writing to take the case out of the statute.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Munson & Barclay, for Appellant.

Bicknell, Gibson, Trask, Dunn & Crutcher, for Respondent.

GRAY, P. J.—This action is brought to recover $50,000 on an oral agreement made between plaintiff and defendant concerning the sale of certain mining property and the division between them of $100,000 commissions. The plaintiff had a verdict for $15,000, and the court granted defendant's motion for a new trial. The appeal is by the plaintiff from the order granting the new trial.

It is contended by appellant that an agreement made under the circumstances of this case for a division of commissions is not within subdivision 6 of section 1624 of the Civil Code, and the case of *Gorham* v. *Heiman,* 90 Cal. 358, [27 Pac. 289], is cited to sustain this position. The trial court, as we gather from its opinion, took the view that the defendant had an actual interest in the mining property which was sold and that his contract with the plaintiff was that of employment as an agent or broker to sell real estate; and this view is fully sustained by the defendant's evidence. From this it appears without conflict that he had a written option on the property, which at the time of this sale had expired, but that thereafter and up to the time of said sale he remained in possession of the property, working upon and improving the same; that to that end he expended upon the mine about $20,000; that he did all this and remained in possession really under the written agreement, which was extended as to the time of its operation by oral agreement. This would give the defendant an actual interest in the property, and he seems to have dealt with it and finally sold it as if he was at least a part owner in it. These facts distinguish the case very clearly from *Gorham* v. *Heiman,* 90 Cal. 358, [27 Pac. 289]. In that

case the defendant had no interest, but there was in effect a partnership between plaintiff and defendant for the sale of mining property generally as brokers and the division of the commissions for such sales. In the case at bar, however, while the defendant referred in his conversations with plaintiff to the $100,000 which he was to receive out of the property as commissions, and orally agreed to divide the same with plaintiff, it is still quite clear that this large sum of money which defendant was to receive for the mine was to compensate him, not merely as commissions on a sale, but for the work and labor performed in improving the mine and for the interest acquired thereby, and by reason of the agreements with the owners thereof and the expenditure of money in the mines. In other words, this $100,000 was intended to pay defendant for his interest in the mine. The $50,000 that the plaintiff was to receive under the oral agreement was for commissions as such on the sale which he was to assist in making, and as this was to be paid to him by a party interested in the property and for whose benefit the property was to be sold, the case comes clearly within the provisions of subdivision 6 of section 1624 of the Civil Code, and the oral contract is therefore invalid. The trial court on the evidence was warranted in so holding.

The appellant further contends that, conceding the case to come within said section of the statute of frauds, still there was a sufficient agreement or memorandum in writing, signed by the party to be charged, to take the case out of the statute. To substantiate this he quotes the following letter, written by the defendant to the plaintiff:

"Needles, Cal., Feb. 22, 1902.

"*Crowell:* I enclose you Mr. Davidson's letter which makes me sick. I will be home Wednesday or Thursday. These gentlemen seem to be very much pleased and will talk to you on commissions so arrange with them. I simply told them they could adjust the matter with you as I should surely allow you a commission if I did them. Hope to see you soon.

"EWING."

This letter was written concerning parties who were negotiating for the purchase of the mine. We do not think that it contains a memorandum of any agreement to pay anything. It certainly does not constitute an agreement to pay

commissions. It is no more than a notice to the defendant to enter into negotiations with some third parties concerning his commissions, and it cannot be construed into any kind of a promise from defendant Ewing to the plaintiff. We are of opinion that the case is not taken out of the statute of frauds, and that for that reason the court below properly granted a new trial.

The order appealed from is affirmed.

Allen, J., and Smith, J., concurred.