(June 26, 1917.)

## THE BLUMAUER–FRANK DRUG CO., a Corporation, Appellant, v. THOMAS YOUNG, Respondent.

[167 Pac. 21.]

STATUTE OF FRAUDS—AGREEMENT FOR SALE OF GOODS—SUFFICIENCY OF MEMORANDUM.

In order to render an oral contract falling within the scope of the statute of frauds enforceable by action, the memorandum thereof must state the contract with such certainty that its essentials can be known from the memorandum itself, or by a reference contained in it to some other writing, without recourse to parol proof to supply them.

[As to proof by parol of contracts of lost memorandum required by statute of frauds, see note in **Ann. Cas.** 1916E, 173.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for damages and for goods sold and delivered. Judgment for defendant. *Affirmed.*

James H. Frazier, for Appellant.

The letters clearly form a part of the contract, and being signed by the defendant, not only ratify the contract but complete it and make it a written memorandum under the statutes of frauds.   (20 Cyc. 278.)

If the buyer accepts a part of the goods under an oral agreement, such acceptance makes the entire contract valid. (*Gabriel v. Kildare Elevator Co.,* 18 Okl. 318, 11 Ann. Cas. 517, 90 Pac. 10, 10 L. R. A., N. S., 638; *Coffin v. Bradbury,* 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715, 20 Cyc. 247; *Herman Bros. Co. v. Wacker,* 96 Neb. 102, 147 N. W. 127.)

"Where it was the intention of the parties that the goods be shipped C. O. D. there was a delivery by the seller where the goods were placed in the hands of the carrier for consignment to the buyer." (*Golightly v. State,* 49 Tex. Crim. 44, 122 Am. St. 779, 13 Ann. Cas. 827, 90 S. W. 26, 2 L. R. A., N. S., 383; *Keller v. State* (Tex. Crim.), 87 S. W. 669, 1 L. R. A., N. S., 489; *Jones v. United States,* 170 Fed. 1, 95 C. C. A. 213, 24 L. R. A., N. S., 143; *Hamilton v. Joseph Schlitz Brewing Co.,* 129 Iowa, 172, 105 N. W. 438, 2 L. R. A., N. S., 1078.)

Edward H. Berg, for Respondent.

The memorandum required by the statute of frauds does not have to be contained in a single paper, and letters or a series of letters all showing that they relate to the subject matter, may be taken into consideration, but the law is well settled that all such letters or other writings must show without the use of parol evidence the alleged contract. (*Coffin v. Bradbury,* 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715.) California has held under a similar statute, that an oral contract of sale where no part of the purchase price is paid, is invalid unless the buyer accept and receive part of the things sold, and that even a delivery of the goods without acceptance by the purchaser, does not take it out of the operation of the statute. (*Jamison v. Simon,* 68 Cal. 17, 8 Pac. 502.)

Our supreme court has clearly pointed out the difference between a sale and agreement to sell. In the case at bar there was neither a sale nor a conditional sale. (*Idaho Implement Co. v. Lambach,* 16 Ida. 497, 101 Pac. 951.)

MORGAN, J.—This action was commenced by appellant to recover judgment against respondent in the sum of $279.34. In the complaint two causes of action are stated, in the first

of which it is alleged that an oral agreement was entered into between the parties whereby appellant was to sell, and respondent was to purchase, certain goods at the agreed price of $279.34; that pursuant to the agreement it shipped the goods to him at Coeur d'Alene, but that he refused and neglected to receive them from the railroad company, and that while they were still in the depot they were destroyed by fire. In the second cause of action is alleged the oral agreement, above mentioned, the delivery of the goods to respondent and his refusal to pay for them.

Upon the trial appellant offered to prove the oral agreement and offered in evidence an unsigned memorandum purporting to be an order for the goods given by respondent to its traveling salesman. It asked permission to amend its complaint by adding thereto an allegation to the effect that after the oral agreement to purchase the goods was entered into it was ratified by respondent in writing. The following letters, from respondent to appellant, being the ratification relied upon, were offered in evidence:

"January 31, 1914.

"Blumauer-Frank Drug Co.,
    "Portland, Oregon.

"Gentlemen: Mr. Dudley called me up today and told me to write you and tell why I had not taken up the order at the depot. I have not taken it up because I had not the money to do so. I hardly know why the bill amounts to so much. Will you please send me a duplicate invoice so I can look it over. . . . . .

"(Signed) THOS. YOUNG."

"April 2, 1914.

"Blumauer-Frank Drug Co.,
    "Portland, Ore.

"Gentlemen: Please send me a bill of my account to date. I do not care to make a property statement at present as in a very short time I can give a much better report than at the present time.

"In regard to the order here at the depot, I think you ought to release it and give me about thirty days in which to pay

for it. However, I want permission to return the razors and stationery to you.

> "Yours very truly,
> "(Signed) THOS. YOUNG."

The request to amend the complaint was refused and objection to the introduction of the above-mentioned documentary evidence was sustained by the court. At the close of appellant's testimony respondent moved for a judgment of nonsuit, which was granted. This appeal is from the judgment and the rulings above mentioned are assigned as error.

It appears that these goods were shipped by appellant from Portland, Oregon, to Coeur d'Alene consigned to itself; that the bill of lading was attached to a draft drawn upon respondent for the purchase price and was forwarded to a bank in Coeur d'Alene with directions to deliver the bill of lading upon payment of the draft; that the draft was never paid and the goods were never delivered, but were destroyed by fire, as alleged in the complaint. It does not appear that it was the intention of the parties that the sale should be consummated until such time as the purchase price was paid, and the contention of appellant that delivery was complete when the merchandise was placed in the hands of the carrier is not sustained by the evidence. (*Booth v. A. Levy & J. Zentner Co.*, 21 Cal. App. 427, 131 Pac. 1062.)

Sec. 6009, Rev. Codes, a part of the statute of frauds, provides:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents: . . . .

"4. An agreement for the sale of goods . . . . at a price not less thon two hundred dollars, unless the buyer accept and receive part of such goods . . . . or pay, at the time, some part of the purchase money; . . . . "

Appellant contends that the letters above set forth constitute a memorandum as contemplated by that section of the

code. This contention cannot be sustained. The rule applicable to this case is stated in 20 Cyc. 258, as follows:

"In order to render an oral contract falling within the scope of the statute of frauds enforceable by action, the memorandum thereof must state the contract with such certainty that its essentials can be known from the memorandum itself, or by a reference contained in it to some other writing, without recourse to parol proof to supply them." (*Thompson v. Burns,* 15 Ida. 572, 99 Pac. 111; *Crowell v. Ewing,* 4 Cal. App. 358, 88 Pac. 285; *Campbell v. Western Basket & Barrel Co.,* 87 Wash. 73, 151 Pac. 103.)

These letters do not state the contract between the parties nor purport to give the essentials thereof or refer to any other writing from which they may be obtained, and since recourse to parol proof would be necessary to supply these essentials the documentary evidence offered was properly excluded under the provisions of sec. 6009, above quoted.

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.