486 P.2d 1005

Harry J. REMLINGER, Plaintiff-Appellant,

v.

DRAVO CORPORATION, a corporation, Defendant-Respondent.

No. 10746.

Supreme Court of Idaho.

June 30, 1971.

Weston & Weston, Boise, for appellant.

Thomas L. Smith, Boise, for respondent.

DONALDSON, Justice.

This is an action in contract instituted by Harry Remlinger (plaintiff-appellant) against the Dravo Corporation (defendant-respondent) for damages in the amount of $14,300 because of the failure of the employer, Dravo Corporation, to comply with the terms of an employment contract.

The district court permitted Remlinger to amend his complaint three times and then after a third motion for summary judgment granted the same dismissing the complaint since the pleadings, depositions and admissions indicated the absence of an issue of material fact. Plaintiff has appealed this decision. The following facts are revealed by the various documents considered by the district court. The alleged contract involves employment of the appellant to do concrete work on the Dworshak Dam project. Remlinger (employee) filed an amended complaint seeking damages in the amount of $14,300 for breach of an oral employment contract. He alleged that subsequent to a discussion with employer, he held himself in readiness to work and moved his family to the construction site. On July 12, 1968, the employer made a contract with him at the rate of $5.75 per hour. The contract was to run from July 12, 1968, until the Dworshak Dam was completed. Remlinger was injured on the job and was unable to work for about a week in October of 1968. The employee alleged that on November 6, 1968, the employer discharged him thereby breaching the contract. However the employer answered that the employee was hired on July 9, 1968, at the rate of $4.10 per hour, that no written contract was entered into and the employee's employment was subject to termination at will by either party. On November 6, 1968, the employee refused or

failed to report for work and the employer terminated the employee's services.

■ The principal issue presented by this appeal is whether a valid contract, be it oral or written, existed between the parties. The record reveals that the employee stated in response to employer's interrogatory that the contract under which he claims damages was oral [1] and furthermore that it was to be for the duration of the job which was four or five years.[2] On appeal, Remlinger attempts to demonstrate that the oral contract pursuant to which he was hired was not violative of the statute of frauds [3] by relying on a "boiler plate" union contract which he contends is a memorandum or writing embodying the oral agreement. The labor union agreement is in the opinion of this Court irrelevant to the oral contract under which Remlinger claims damages. Our reasons for this legal conclusion are several. Firstly the labor union agreement fails to mention the duration period. It fails to discuss terms of payment. It neglects to even denote the parties, viz., Remlinger and Dravo. When a written note or memorandum is sought to be introduced as evidence of an oral agreement falling within the statute of frauds it must be specific and parol (oral) evidence is not admissible to establish essential provisions of the contract. *Blumauer-Frank Drug Co. v. Young*, 30 Idaho 501, 167 P. 21 (1917).

1. "INTERROGATORY NO. 1. Is the contract alleged in Paragraph II of the Complaint a contract in writing or an oral contract.
ANSWER TO INTERROGATORY NO. 1. An oral contract."

2. "INTERROGATORY NO. 3. If your answer to Interrogatory 1 above is 'an oral contract,' please state the manner of its making, the persons present at the making thereof, who participated in and heard the making of the contract, and the place and date on which the alleged contract was entered into.
ANSWER TO INTERROGATORY NO. 3. Whity Wickson, [sic] project manager, made an agreement with Harry Remlinger on or about July 8, 1968;

the names of the others present in the office cannot be remembered, but the agreement was to be for the *duration of the Dworshak job, which was 4–5 years.*" (emphasis supplied)

3. I.C. § "9–505. Certain agreements to be in writing.—In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence therefore, of the agreement can not be received without the writing or secondary evidence of its contents:
1. An agreement that by its terms is not to be performed within a year from the making thereof.
* * *."

■ Appellant also contends on appeal that the oral contract under which he claims damages is not violative of the statute of frauds because it can be performed within one year from the making thereof. To avoid the bar of the statute of frauds by the showing of a possibility of performance within one year of the making of the contract, the showing must be the possibility of actual performance. Gronvold v. Whaley, 39 Wash.2d 710, 237 P.2d 1026 (1952); Dudley v. Boise Cascade Corporation, 76 Wash.2d 466, 457 P.2d 586 (1969). Remlinger's answers to interrogatories however indicate that Remlinger contemplated that the alleged contract was to endure for four or five years, the length of time it would take to complete Dworshak Dam. The defendant also took the deposition of Remlinger and asked him what the shortest time it would be possible to place the concrete for Dworshak Dam. Remlinger refused to express an opinion even after extensive questioning or even estimate the number of days that it would take to complete the concrete work, indicating that he was not an expert. Subsequently, at the time of the hearing on the third motion for summary judgment, Remlinger filed an affidavit that it was his opinion that the terms of the contract could and might be completed within one year. This conclusion was in direct conflict with his own prior testimony given in answer to interrogatories and in his deposition. It also does not comply with I.R.C.P. 56(e) which in part states:

> "Rule 56(e). Form of affidavits for summary judgment proceedings—Further testimony—Defense required.—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * an adverse party may not rest upon mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be. If he does not so answer under oath, summary judgment shall be entered against him."

An affidavit not made on the affiant's personal knowledge but representing merely the affiant's conclusion is inadmissible to show a genuine issue of material fact. Matthews v. New York Life Insurance Co., 92 Idaho 372, 443 P.2d 456 (1968); Tri-State Nat. Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968). In support of the motion for summary judgment, the defendant took the depositions of James L. Wixson, the project manager of the Dworshak Dam project, and of Charles O. Faris, defendant's Seattle district manager, whose overall managerial authority included the Dworshak Dam project. Both Mssrs. Wixson and Faris were qualified as experts by long experience and education in the construction of large dams, and both had immediate and intimate knowledge of all facts which were material to this action and particularly to the performance of the Dworshak Dam project contract and to the placing of concrete in Dworshak Dam. Mr. Wixson testifed on direct examination that it was impossible to place all of the concrete in the Dworshak Dam within a years time. Mr. Faris also testified that it would not be possible to complete the placement of concrete for the Dworshak Dam within one year. Thus the record clearly shows that there is no genuine issue as to any material facts.

On a motion for summary judgment, the judgment sought shall be rendered forthwith if the pleadings, the depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); Jordan v. Pearce, 91 Idaho 687, 429 P.2d 419 (1967); Southern v. Southern, 92 Idaho 180, 438 P.2d 925 (1968).

Summary judgment entered below is affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.